ALBANY,
Oct. 1827.

Wilson.
v.
White.

## *WILSON *against* WHITE.

Where a motion is regularly pending, to set aside a report of referees on the merits, though the party moving agrees that it is right as to part, his adversary cannot move for judgment on the report as security, on the ground of the probable insolvency of the party moving, if there be delay. So of a motion to set aside a verdict.

But if one move to be let in to such a motion on terms, the court may order judgment, as a condition to the relief.

An order to stay proceedings, with a view to set aside a report of referees on the merits, is properly "till the further order of the court;" and need not be limited to the first 4 days of the next term.

THIS cause being referred, the referees reported in favor of the plaintiff, to about $1500; and on the ground that the report was wrong, except as to about $300, a motion was pending to set it aside upon the merits. With a view to that motion, the defendant had obtained a commissioner's order to stay the plaintiff's proceedings, "till the further order of the court." But he had not noticed the cause for argument at the present term.

Now, on an affidavit intended to show that if the judgment be delayed, there would be danger of losing the plaintiff's claim, on account of the defendant's habits, by which his property might be dissipated, a motion was made to vacate the order, and enter up judgment on the report. An objection was also taken that the order should not have been general; but only to stay proceeding till the 4th day of the term next after it was made.

*J. H. Bronson,* for the motion.

*J. Butterfield,* contra.

The Court denied the motion, saying it was without precedent; and that the circumstances of every party upon the calendar against whom a verdict or report had been obtained, might as well be revised in the same way. We do not allow judgment to go as security, on an affirmative motion against a party, who comes regularly upon the calendar to set aside a verdict or report, on the merits. This is done only where he applies for leave to move upon terms; not of right. In all such cases we have power, as one of the terms, if we see that the plaintiff's safety demands it, to require a condition that judgment or execution should go as security. This is not that case.

Motion denied with costs.