the other, on motion, even in this court ; where the two debts have no connection with each other.

But that upon a bill filed in this court the right of set-off does not always depend upon the statute of set-off, or upon the question whether both demands are liquidated by judgment or decree. That if an equitable right of set-off exists while the parties have mutual demands against each other, besause the debt due to the party claiming the set-off is so situated that it is impossible for him to obtain satisfaction of his debt by an ordinary suit at law or in equity to recover the same, this court, upon a bill filed, will compel an equitable set-off of one debt against the other. And the insolvency of the party against whom the set-off is claimed is a sufficient ground for the exercise of the jurisdiction of this court. in allowing a set-off in cases not provided for by the statute ; although the demands on both sides are not liquidated, by judgment or decree, so as to authorize a set-off upon a summary application, by motion.

That where there are cross demands between two parties of such a nature that if both were recoverable at law they would be the subject of legal set-off, then if either of the demands is matter of equitable jurisdiction only, the set-off may be enforced in equity.

Motion denied, with $10 costs.

*Elizabeth Baker et al, Ex'rs, &c.* v. *Stephen Kingsland.*

S. F. CLARKSON, for apppellants. Decided that upon an application to a surrogate, by a creditor of a decedent, for an order directing that the real estate of the decedent be mortgaged or sold for the payment of his debts; if the indebtedness is denied by the heirs or personal representatives, the applicant must prove the same before the surrogate irrespective of any judgment he may have obtained against the personal representatives. And that the docket of a judgment recovered in the supreme court, and not entered in the county clerk's office, as directed by the act of 1840, is not legal evidence of the recovery of such judgment.

It was also held that as there is no privity between the personal representatives of the decedent and his heirs or devi-

*[margin notes:]* Application to surrogate for order to sell real estate of decedent to pay debts

Debt of applicant how to be proved.

sees, in respect of his real estate, the recovery of a judgment against the executors is not admissible as evidence of a debt debt due from the decedent, as against the owners of the real estate, either by descent or devise.

And that before the surrogate is authorized to make any order for the mortgaging, leasing, or sale of the real property of the decedent, he must be satisfied, by legal proof, that the debt for the purpose of satisfying which the application is made is justly due and owing from the decedent, as against the owners of the real estate.

Order appealed from reversed, with costs, and respondent's application to sell or mortgage the real estate dismissed ; but without prejudice to his right to renew it.

*The President, Directors and Company of the Bank of Rochester* v. *Thomas Emerson and wife.* S. MATTHEWS, for appellants ; E. F. SMITH, for the respondents. This was an appeal by the defendants from an order of the vice chancellor of the eighth circuit, directing the master's report of the sale of the mortgaged premises and of the deficiency to be filed as of the day when it was left in the clerk's office by the complainants' solicitor, and that the order to confirm the report be entered nunc pro tunc as of that time. The complaints' solicitor resided in Rochester, where the clerk's office was kept, and had been informed by the clerks in the office that his papers could not be filed, or other services performed for him, unless the fees therefor were first paid. On the 18th of December, 1841, he carried the master's report to the clerk's office to be filed, together with the draft of an order of confirmation, and laid them on the clerk's table to be filed and entered ; but as the fees were not paid, the report was not filed, nor was the order to confirm the report entered, until the 15th day of January thereafter, when such fees were paid. In the mean time the solicitor, supposing that the report of the master had been filed and confirmed, issued an execuion for the deficiency, returnable the 14th of January, which execution was returned unsatisfied. The complainant, thereupon filed a creditor's bill against the defendant Emerson, to obtain satisfaction of such deficiency. An application

Creditor's bill on return of execution for deficiency on a mortgage sale.

Master's report of deficiency must be filed and confirmed, before an execution for deficiency can issue.