HANDLY *vs.* HENRY GREENE and HORATIO GREENE.

Where a person indebted to a judgment debtor pays the amount of his debt to a sheriff holding an execution against the judgment debtor, and takes the sheriff's receipt, as authorized by section 298 of the code, in order to entitle himself to have such payment allowed to him in an action brought against him to recover the amount of his indebtedness, he must prove the *judgment* upon which the payment was made, by the production of the record thereof, or of a certified copy of such record. SHANKLAND, J. dissented.

It is not sufficient to produce a certified copy of the transcript of a justice's judgment, filed in the clerk's office of a different county from that in which the judgment was docketed.

THIS action was brought to recover the amount due on a promissory note given by the defendants to the plaintiff. It was insisted that the defendant Henry Greene, on the 24th day of March, 1852, paid the amount due on said note to the sheriff of Ulster county, on an execution in his hands for collection, issued on a judgment in favor of one Vandenburgh against James Handly, jun. and others, under § 293 of the code.

*E. Moore,* for the plaintiff.

*S. Gordon,* for the defendants.

VOL. XV. 76

CRIPPEN, P. J.   Section 293 of the code provides, that after the issuing of an execution against property, any person indebted to the judgment debtor may pay to the sheriff the amount of his debt, and the sheriff's receipt shall be a sufficient discharge for the amount paid.   The defendants, in order to establish their defense, introduced in evidence a certified copy of the transcript of a judgment in favor of Vandenburgh against Handly, filed in the clerk's office of Ulster county.   It appeared thereby that the judgment was docketed in Delaware county, and that a transcript thereof was filed in Ulster county on the 3d day of Sept. 1851.   The plaintiff insisted that the defendants were bound to prove the judgment, by the production of the record thereof, or by a certified copy of such record; that the transcript filed in the clerk's office of Ulster county did not furnish legal evidence of the existence of said judgment.   The court overruled the objection, and allowed the evidence.

It was incumbent upon the defendants to establish by legal evidence that the plaintiff was the judgment debtor of Vandenburgh, and that the money had been paid to the sheriff on the execution issued upon said judgment.   The execution which was produced upon the trial did not establish the existence of the judgment; neither did the transcript, nor the certified copy thereof filed in the clerk's office of Ulster county.   Higher and better evidence of the judgment was to be found in the record thereof on file in the clerk's office of Delaware county.   The copy of the docket, or the transcript of the judgment, except in some special cases provided for by statute, are not legal evidence to prove the judgment.   In *Baker* v. *Kingsland*, (10 *Paige*, 366,) the chancellor lays down the rule that a copy of the docket never was legal evidence to prove the existence of a judgment, except in some special cases provided for by statute.   The record, or a sworn or exemplified copy thereof, must be produced for that purpose.

Again; in *Lansing* v. *Russell*, (3 *Barb. Ch. Rep.* 325,) it is decided that the certificate of the clerk, of the existence of a judgment, is no evidence of it.   Apart from any statutory provisions the proper way of proving the existence of a judgment

Handly *v.* Greene.

is by the production of the record itself, or by exemplification or a sworn copy. It is a familiar rule of law, that the best and highest evidence in the power of the party must be produced. With this well settled rule of the law of evidence before us, conceding that the defendants were bound to establish the existence of the judgment on which the execution was issued, it follows as a plain result that the defendants failed in proving their defense.

It will be observed that the code authorizes the payment to be made to the sheriff by any person indebted to the *judgment* debtor. If such payment is made, the party making it takes upon himself the responsibility and burthen of proving that the person to whom he was indebted was a judgment debtor. It is this fact which authorizes the payment to be made to the sheriff; it is indeed the main and important fact to be established in order to authorize such payment to be made to the sheriff. We see no good reason for relaxing the rules of evidence in favor of the party volunteering to pay up the debts of another. When the defendants paid the money to the sheriff on the execution in his hands against Handly, they did so at their peril, and when prosecuted by him to recover the debt they were bound to establish the judgment against him, in order to show him a judgment debtor. This could only be done by the production of the best and highest evidence of such judgment. After making legal proof of the judgment by the production of the record itself, or by a duly authenticated copy thereof, it was still necessary for the defendants to prove the issuing of an execution upon such judgment, with the receipt of the sheriff of the payment of the money to him by the defendants. We are of opinion that the defendants failed in making out a legal defense. The court properly admitted the transcript in evidence. This was proper and necessary proof, in order to show that the judgment was docketed in Ulster county : otherwise no authority for issuing the execution to the sheriff of that county would have appeared in the case. Yet for the lack of legal proof of the judgment, the judgment of the justice's court was rendered for the plaintiff. This judgment was right, and should not have been reversed by the county court.

The judgment of the county court must be reversed, and that of the justice's court affirmed, with costs.

GRAY, J. concurred.

SHANKLAND, J. dissented.

[TOMPKINS GENERAL TERM, Sept. 13, 1853. *Crippen, Shankland* and *Gray.* Justices.]