By the Court—Bosworth, Ch. J.
In an action commenced in the Supreme Court by the Union Bank against Jacob H. Mott and Garrett S. Mott, The Union Bank, on the 5th of November, 1855, recovered, by default, a judgment against Garrett S. Mott alone, for $198,600.87 damages and $12.50 costs.
*593 On the 11th of November, 1858, at a Special Term of the Supreme Court, on a motion made in that action by G-. S. Mott “to set aside the default and judgment * * and the proceedings subsequent thereto,” it was “ ordered that the said defendant have leave to serve his answer to the complaint herein, within ten days from the date of the entry of this order, and to proceed with his defense in this action, upon payment to the plaintiff’s attorney, of $22.50, being costs of default and of this motion, -and also the fees and charges of the Sheriff upon the execution issued in this action. And it is further ordered, that said judgment stand as security for the alleged indebtedness of the said defendant to the plaintiff.”
G. S. Mott “paid the costs, fees and charges mentioned in the order, and served his answer to the complaint.
On the 8th of December, 1858, an order was made by a justice of the Supreme Court in that action, requiring the Sheriff to arrest and hold G. S. Mott to bail in the sum of $142.00.
The Sheriff of Kew York, by virtue of said order, arrested G. S. Mott on the 11th of December, 1858, and committed him to jail, where he was detained, in close custody, for the period of five weeks, when he succeeded in giving bail, and was set at liberty.
This action is brought to recover damages for such'arrest and imprisonment, on the theory that said order of arrest is void.
At the trial of this action, the complaint was dismissed, on the ground that such order is legal and valid. The plaintiff excepted to the decision. The Court ordered the questions of law arising at the trial to be heard in the first instance at the General Term, and the entry of judgment, in the meantime, to be suspended. The case now comes before the General Term under that order.
' It was shown at the trial, that on the 11th of March, 1858, on commencing the action in the Supreme Court, an order was made to arrest and hold both Jacob H. and G. *594 S. Mott to bail in the sum of $142,000, and that Jacob H. Mott was arrested by virtue of that order.
That the order of the 8th of December, 1858, was made on three affidavits of that date, and also upon sworn copies of the affidavits on which the order of the 11th of March was granted.
That G. S. Mott, on the 14th of December, 1858, moved the Supreme Court, at Special Term, to vacate the order of December 8th, and that such motion was denied, and that on an appeal to the General Term of that Court, the Court on the 10th of February, 1859, affirmed the order denying such motion.
The plaintiff in this action insists that the order of the 8th of December is absolutely void; that the judgment of November 5th having been recovered, and being a subsisting judgment in the action, a Judge had no power to make an order of arrest; that such order must be made before judgment, and cannot be granted after judgment.
The word “judgment,” wherever used in the Code, has a uniform meaning. The Code defines a judgment to be “ the final determination of the rights of the parties in the action.” (§ 245, [201].)
After the order of the 11th of November, 1858, was made, and its terms had been complied with, and G. S. Mott had put in an answer to the complaint in the action in the Supreme Court, the judgment of the fifth of November was not in any sense a judgment, within the meaning of that word as defined by the Code.
It did not determine any right of the parties in the action in which it was entered, nor in any manner affect it. The rights were to be determined on a trial of the issues in that action, to be subsequently had, and by the judgment that should be thereafter rendered.
In substance and in form, (the judgment and order of the 11th of November being read together,) the judgment is one which neither acknowledges nor establishes any indebtedness of G. S. Mott to the Bank; but is a judgment given as security for the payment of any sum the Bank *595 should establish that Mott was liable to pay; and the order vacates the judgment in all respects, except to retain it merely as such security.
It was to perform the same precise office as a judgment confessed without action for the same purpose, and no other.
The plaintiff insists that if, on the trial of the action in the Supreme Court, the Bank shall recover a verdict, no judgment can be entered on such verdict, and that if Mott shall recover a verdict, he cannot enter judgment on it until the judgment of the 5th of November is vacated.
The first of these propositions finds some countenance in the observations of Bronson, J., in Dows v. Boughton (3 Hill, 452,) and in Shepard v. Hoyt, (6 Id., 395.)
Still, I do not see anything incongruous with the Code, in permitting a judgment to be entered on such a verdict.
There are a great many conveniences in such a practice, if there be not an absolute necessity for it under the Code. If the action in the Supreme Court be tried by a Jury, the defeated party cannot be heard upon his exceptions, at the General Term, unless a judgment be first entered and an appeal taken from it, or unless the exceptions be ordered at the trial to be first heard at the General Term; and such an order cannot be made unless the case shall present questions of law only. But if heard there, it is not easy to see in what way either party can obtain a review in the Court of Appeals, if no judgment can be entered on the verdict.
The Bank might vacate the judgment of the 5th of November, (if the defeated party,) and thus put itself in a position to enter a judgment from which it could appeal. But if compelled to relinquish its security, the appeal might not be worth prosecuting. If Mott should be the defeated party, there would not seem to be any means within his power of taking the case, as a matter of right, to the Court of Appeals.
If, as was suggested on the argument, that cause has been referred to a Referee, it is difficult to perceive that *596 there is any mode by which either party can review, as a matter of right, any decision he may make on the trial, or in his final disposition of the cause.
The only mode provided by law for reviewing a Referee’s decisions of questions of fact or law, is by an appeal from a judgment to be entered on his report. If no judgment can be entered on it, his decisions cannot be reviewed.
Treating the judgment of the 5th of November as being precisely , what the order of the 11th of November declares it to be, viz., a security and only “ a security for the alleged indebtedness ” of Mott to the Bank; there is no technical objection to taking precisely such future proceedings in that action, as would be regular and requisite if no security had been given, or the judgment by default had never been entered.
Neither party can be prejudiced by such a practice. If the Bank shall recover a second judgment, the first judgment and the order opening it will furnish record evidence that both are for the same cause, and constitute but one debt. Under the former practice, where, on a writ of error brought from this Court, or a Court of Common Pleas to the Supreme Court, the judgment was affirmed, there were two judgments for the same debt. But the two records showed there was but one debt, except for the costs in error, and those could only be collected by execution on the judgment of affirmance.
But whatever practice may ultimately prevail or be established, it is quite clear that the judgment of the 5th of November, vacated as it is for all purposes but one by the order of the 11th of November, is not a judgment by which any absolute liability is either confessed or established. Even the default which is essential to uphold it as a regular proceeding, is set aside for every purpose except the qualified one of supporting the judgment as security for an alleged debt.
It is not a judgment within the meaning of section 183 of the Code.
*597 An order of arrest may be made at any time before such a judgment is recovered.
The Supreme Court, both at Special and General Term, have decided that the order in question is legal and valid. (Union Bank v. Mott, 8 Abb., 150 ; 9 id., 106.)
Whatever embarassments may be thought to attend the question, it cannot well be said that that Court has clearly erred.
I think the decision of that Court is not erroneous, and that judgment in this action should be ordered in favor of the defendants, in conformity to the decision made at the trial.
Ordered accordingly.