## GARRIT S. MOTT, APPELLANT, *v.* THE UNION BANK OF THE CITY OF NEW YORK, RESPONDENT.

### *Provisional Remedies—Arrest—Judgment defined.*

An order of arrest in a proper case may be made during the progress of a trial, and before a final judgment settling the rights of the parties thereto. But a judgment so modified as that an execution cannot be issued to enforce it, until after further adjudication, is not such a judgment as will prevent the making the order of arrest as one of the provisional remedies which may be necessary for the security of the Plaintiff.

Where a judgment had been entered on the default of one of the Defendants, and such Defendant subsequently appeared by attorney and procured an order for him to serve Plaintiffs with an answer within ten days, and the judgment by default to stand as security, held, that the judgment so modified was not such a judgment as to prevent the granting of an order for the arrest of Defendant pending the trial upon the issue raised by his answer.

PARKER, J.—This action was brought in the Superior Court of the city of New York, for an alleged false imprisonment of the Plaintiff. The Defendant justified under an order of arrest made on the 8th day of December, 1858, by a Justice of the Supreme Court, in an action commenced in that Court by this Defendant against this Plaintiff and Jacob H. Mott, for fraud.

An order of arrest was obtained at the commencement of that action, under which Jacob H. Mott was arrested and held to bail, but this Plaintiff was not found. He subsequently appeared in the action by attorney, but put in no answer to the complaint; and on the 5th day of November, 1858, judgment was taken against him by default. After this, and on the 11th day of November, 1858, he moved the Court to set aside the default and judgment, whereupon the following order was made: "It is ordered, that the said Defendant have leave to serve his answer to the complaint herein within ten days from the date of the entry of this order, and to proceed with his defence in this action, upon payment to the Plaintiff's attorney of $22.50, being costs of default and of this motion, and also the fees and charges of the Sheriff upon the execution issued in this action. And it is further

ordered, that said judgment stand as security for the alleged indebtedness of the said Defendant to the Plaintiff." He accordingly paid the costs, fees, and charges mentioned in the order, and served his answer to the complaint. On the 8th of December following, the order of arrest upon which he was arrested and held to bail, and under which the Defendant justifies, was obtained, and the Plaintiff was arrested, and, in default of bail, committed to jail. For that arrest and imprisonment this action is brought.

Upon the trial the Court held that the Defendant was justified by the order, and dismissed the complaint, to which the Plaintiff excepted. The Court ordered the exceptions to be heard in the first instance at the General Term, and that, in the meantime, judgment be suspended. On hearing the exceptions the General Term denied a new trial, and gave judgment for the Defendant, from which judgment this appeal is brought.

Unless the order of arrest upon which the Plaintiff was arrested and imprisoned was void, the judgment is manifestly right. The only question, then, is, was the order of arrest unauthorized and void?

The only ground upon which it is claimed by the Plaintiff to be void, is, that it was made after judgment.

Section 183 of the Code provides, in reference to the making of the order by the Judge by whom it was granted, that " the order may be made to accompany the summons, or at any time afterwards, *before judgment.*"

It is clear that this language is a clear prohibition of the making of the order after judgment, and the reason obviously is, that after judgment the need and office of the *provisional* remedy ceases. If the action is one in which an order of arrest may be granted, upon the perfecting of judgment therein, an execution may issue against the person of the Defendant. There can be, therefore, no further need of the order of arrest. This reason helps to construe the provision, and show what is intended by the word " judgment," as it occurs in the section. The Court below, I think, gave it the correct meaning when it held that it meant in § 183,

what it is defined to mean in § 245, to wit: "the final determination of the rights of the parties in the action." Until such a judgment is obtained—one which may be carried into effect by execution—the point has not been reached where the provisional remedy is no longer necessary ; and for this reason, as well as for those assigned by the Court below (8 Bosw. 591), the granting of the order should be held to be limited only by such a judgment.

The judgment which was obtained by default, was undoubtedly such a judgment, until it was modified by the order letting the present Plaintiff in to answer and litigate the claim set up in the complaint, and at the same time directing that the judgment "stand as security for the alleged indebtedness of the Defendant to the Plaintiff." The Court has authority, under its general powers, as well as under § 174 of the Code, in its discretion, and upon such terms as it conceives to be just, to "relieve a party from a judgment," and "allow an answer to be made." In pursuance of this authority it may modify the judgment by depriving it of its ordinary character, as a res judicata, and leaving it in full force as a lien or collateral security (6 Cow. 390 ; 7 Cow. 477 ; 2 J. Cas. 286 ; 9 How. 442). That it clearly did in this case. I agree entirely with the Court below, that, "in substance and in form (the judgment and order of the 11th of November being read together), the judgment is one which neither acknowledges nor establishes any indebtedness of G. S. Mott to the bank, but is a judgment given as security for the payment of any sum that the bank should establish that Mott was liable to pay, and given in order to vacate the judgment in all respects, except to exist merely as such security. It was to perform the same precise office as a judgment confessed without action, for the same purpose, and no other."

The order places the parties back where they were before the judgment was entered, sets aside the default, and provides for the litigation of their rights in the action. The execution of the judgment would be plainly inconsistent with the right to litigate thus conferred. The judgment, then, thus modified, and standing

only as a lien or security, and not as the final determination of the rights of the parties, was no legal obstacle in the way of a valid order of arrest.

It follows, if this view is correct, that the judgment appealed from is right, and should be affirmed.

Concurring, WRIGHT, GROVER, HUNT, and DAVIES, JJ.
Affirmed.

<div style="text-align:right">

JOEL TIFFANY,
State Reporter.