CHOLETTE SHARP, Appellant, *v.* BENJ. F. FREEMAN and others, Respondents.

(GENERAL TERM, SEVENTH DISTRICT, DECEMBER, 1869.)

In an action brought to set aside the deed of a deceased grantor, as fraudulent against his creditors, with a view to a subsequent application to the surrogate for sale thereof under section 72, chap. 460, Laws of 1837, which, as amended in 1843 (chap. 172), renders a judgment upon the merits against administrators, &c., *prima facie* evidence of indebtedness upon the application.—*Held*, that the plaintiff did not sustain his complaint by simply showing a judgment in his favor against the grantor's administrator.

APPEAL from a judgment entered on the report of a referee in favor of the defendants. The facts are stated in the opinion of the court.

*E. G. Lapham*, for the appellant.

*W. C. Rowley*, for the respondents.

Present—JOHNSON, J. C. SMITH and DWIGHT, JJ.

By the Court—DWIGHT, J. This was an action to set aside a deed executed by Alvah H. Parks, deceased, in his lifetime, on the ground that it was executed in fraud of creditors of the deceased, of whom the plaintiff was alleged to be one. He seeks to have the deed set aside as an impediment to proceedings before the surrogate to obtain an order for the sale or mortgaging of the real estate of the deceased to pay his debts.

Upon the trial the plaintiff introduced in evidence, under the defendant's objection, the record of a judgment recovered by the plaintiff against the administrators of the deceased upon claims existing at the time of the death of the intestate which had been referred by consent of the parties and the approval of the surrogate, in pursuance of the statute, and upon which judgment payments had been made by the admin-

istrators in the course of administration.  No other evidence of the alleged indebtedness was given.

The referee held: 1st. That the judgment did not establish the fact of indebtedness as against the parties defendant to this action; and, 2d. That if it did establish the fact that an indebtedness had existed, it did not change its character from that of a simple contract debt, and that such debt was barred by the statute of limitations.  If either of these conclusions were correct the plaintiff's complaint was properly dismissed.  I am of opinion, that the referee was right in the first of the conclusions stated.  The judgment introduced in evidence and relied upon to prove the indebtedness of the deceased to the plaintiff, was merely a judgment against his administrators.

Aside from the amendment of 1843, hereafter noticed, the uniform tenor and purpose of the statutes in respect to judgments of this character is to restrict their effect to the establishment of claims collectible out of assets in the hands of the personal representatives in the course of administration.

Such a judgment does not establish a lien upon the real estate of the deceased.  (2 R. S., 449, § 12.)

At common law and in equity it was not evidence against his heirs or devisees.  (*Osgood* v. *Manhattan Co.*, 3 Cow., 612; *Baker* v. *Kingsland*, 10 Paige, 366.)  Previous to the amendment of 1843 it was not even admissible in evidence, in proceedings before the surrogate, to obtain an order for the mortgage, lease or sale of real estate.  The act of 1837 (Laws of 1837, chap 460, § 72) so declared.

The amendment of 1843 provided that such judgment obtained upon a trial on the merits should be *prima facie* evidence of the debt before the surrogate; but it went no further, and upon no principle can the effect of this provision be extended to render such judgment evidence in an action like the present.

In the case of *Loomis* v. *Tifft* et al. (16 Barb., 541), cited by counsel for the appellant as authority for the bringing of this action in aid of the proceedings before the surrogate, and

'which was an action of precisely this character, it was objected on the part of the defendant that no judgment had been obtained against the deceased or his personal representatives. The court held that the objection was not well taken, and they say, in an opinion by Mr. Justice ALLEN: "A judgment recovered against the administrator would not be evidence for any purpose against the parties to this action. It would not be *prima facie* evidence of the plaintiff's debt."

Such, I think, both upon principle and authority, must be the rule; and hence the referee was right in refusing to regard the judgment as any evidence of the debt alleged by the plaintiff. The fact that the defendant in this action, Susan Parks, was one of the administrators, and as such a defendant in the proceeding, by reference, in which the plaintiff's judgment was obtained, cannot affect the decision of this question. In that proceeding she was made a party, and the judgment was obtained against her simply in her representative capacity, and her personal interest in the real estate, sought to be reached in this action, could not be affected by that judgment otherwise than that of her co-grantors.

I am also of opinion that the second of the referee's conclusions of law, above stated, was correct, viz: That the plaintiff's debt, if proved by the judgment, was barred by the statute of limitations; but if right in any views upon the first question, it is unnecessary to examine the second. The judgment should be affirmed with costs.

All concurring, judgment affirmed.