## JOSEPH RODBOURN, RESPONDENT, v. THE UTICA, ITHACA AND ELMIRA RAILWAY COMPANY, APPELLANT.

*Sequestration of the property of a corporation — the appointment of a receiver can only continue during the existence of a final judgment — Effect of opening a judgment and allowing it to stand as security — Appeal — when a party is not estopped from taking it, by accepting a benefit conferred by the order appealed from.*

In an action brought against a corporation to recover a sum of money alleged to be due from it, a judgment was entered against it by default. After an execution issued upon the judgment had been returned unsatisfied, an action was commenced to sequestrate its property, and a temporary receiver thereof was appointed therein. Thereafter, upon the defendant's motion, an order was made opening the judgment and allowing the defendant to appear and defend, but directing that the judgment and the execution issued thereon should stand as security, and continuing the receivership.

Upon an appeal by the defendant from so much of the order as continued the receiver:

*Held*, that the acceptance by the defendant of so much of the relief sought for as was granted by the order, did not estop it from appealing from the residue thereof.

That although the court allowed the judgment and execution to stand as security, the judgment was no longer an adjudication that anything was owing by the defendant.

That the court should have vacated the order appointing the receiver.

APPEAL from so much of an order made at a Special Term, as continued a temporary receiver appointed herein.

On the 4th day of May, 1882, the plaintiff commenced an action in the Supreme Court to recover of the defendant money alleged to be due from it for goods sold and labor performed.

Judgment in this action was taken by default on the 25th day of May, 1882, and entered in the Chemung county clerk's office.

After an execution had been issued upon it and returned unsatis-
fied, the plaintiff commenced this action for the sequestration of the
property of the corporation defendant.

This summons and complaint were issued on the 29th day of
May, 1882, and on the twelfth day of June an order was made
appointing George J. Rice and Amos S. Dixon temporary receivers.
Subsequently an order was made upon the defendant's motion
opening the judgment and allowing the defendant to appear and
serve an answer, but directing the judgment and the execution
issued thereon to stand as security in full force and effect, but to be
modified in accordance with any subsequent proceedings in the
action, and directing that the order appointing the receiver stand,
except in so far as to remove and change the receiver.

*Evarts, Southmayd & Choate,* for the appellant.

*J. McGuire,* for the respondent.

BY THE COURT :

When the judgment in the original action had been opened and
the defendant had been allowed to appear and defend, there was no
longer a final judgment.   Although the court allowed the judgment
and the execution issued to stand as security, yet they were only
security for such amount as on the trial of the case might be
adjudged to be owing to the plaintiff.   It was no longer adjudicated
that anything was owing to him from the defendant.   Hence there
was, as said above, no final judgment.   This is decided in *Mott* v.
*Union Bank* (38 N. Y., 18).

If a judgment thus opened and allowed to stand as security is not
a final judgment which prevents the plaintiff from having the pro-
visional remedy of arrest, then plainly it is not a final judgment
upon which the plaintiff may have the supplementary remedy of
sequestration.

That remedy must be based on a final judgment, and on the issue
and return unsatisfied of an execution.   (Code Civ. Pro., § 1784.)   It
is practically a judgment creditor's action.   (Code Civ. Pro., § 3343,
subds. 13, 14.)   There must be, then, the judicial determination that
a debt exists, and the inability to collect that debt by execution.
Here there is no longer such determination ; and therefore there can

be no debt judicially determined which the plaintiff cannot collect by execution. It cannot be intended that one should maintain proceedings for sequestration against a corporation, when he has only security for an alleged debt, which he may or may not hereafter establish.

The defendant moved at Special Term to set aside the judgment and execution, for leave to defend, and to vacate the appointment of the temporary receivers. The court granted a part of the motion, but refused to vacate the appointment of receivers. There is no reason why the acceptance of so much as was granted should prevent the defendant from appealing from that which was denied. This is not the case of a favor granted upon condition. On the contrary, it is a case where the granting of the right to defend — for it might be more accurately called a right than a favor, under the circumstances — required, on sound principles, that the rest of the motion, viz., the vacating of the appointment of receivers, should also have been granted.

The part of the order appealed from should be reversed, with ten dollars costs and printing disbursements: and the motion to vacate the appointment of receivers granted, with ten dollars costs.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

So ordered.