JANE HOLMES, RESPONDENT, *v.* AUSTIN P. BUSH, APPELLANT.

35h    637
j 77 AD²493

*Lien of a judgment—effect of opening the judgment and allowing it to stand as a security for what may be thereafter recovered— Code of Civil Procedure, sec. 1256.*

On September 8, 1879, upon the application of one Holmes, against whom a judgment had been docketed on August ninth of that year, his default was set aside and he was allowed to defend the action, the judgment to stand as security for any judgment the plaintiff might thereafter obtain in the action. Before the trial Holmes died, and the plaintiff, his executrix, was substituted in his place, and thereafter a judgment was rendered against her, from which she appealed and procured an order providing that the docket of each of the said judgments be marked suspended upon appeal. After the docket of the second judgment the plaintiff contracted to sell certain lands inherited from Holmes to the defendant in the present action; and after the appeal and the making of the order suspending the lien of the judgments, she tendered a deed thereof to the defendant pursuant to the contract, and upon his refusal to accept it on account of the said liens she brought this action to recover damages for his said refusal.

*Held,* that the effect of the order setting aside the default and directing that the judgment already recovered should stand as security for any judgment the plaintiff might thereafter recover was to create a lien upon the land, which justified the defendant in refusing to accept the deed.

That the said lien was not affected by the order made under section 1256 of the Code of Civil Procedure marking the judgments as suspended on appeal.

*Quære,* as to how the said lien should be enforced, whether by a sale of the land under process to be issued by the court or by a suit in equity. (Per BARKER, J.)

APPEAL from a judgment in the plaintiff's favor, rendered on the decision of the trial judge at the Yates Circuit, a jury being waived.

The recovery was for $526.60 damages. The action was brought to recover the unpaid purchase-money for lands sold by the plaintiff to the defendant. The contract between the parties was made on the 12th day of May, 1882, the entire purchase-price being $2,000, and the recovery was for a balance thereof remaining unpaid. It was a condition of the contract that the payment for which the judgment was recovered should be made on the 1st day of July, 1882, upon the delivery by the plaintiff to the defendant of a good and sufficient warranty deed of conveyance of the premises. Before the commencement of this action the plaintiff

tendered to the defendant a deed, in form, in compliance with the contract.

One of the questions presented on the argument is whether the premises were, at the time the deed was tendered and the action was commenced, subject to a valid lien. The facts connected with that question are sufficiently stated in the opinion of the court.

*Wood & Morris,* for the appellant.

*Charles S. Baker,* for the respondent.

BARKER, J.:

As to the undivided one-third part of the premises the plaintiff derived title from the heirs-at-law of Farley Holmes, deceased. On the 9th day of August, 1879, Ralph T. Wood recovered a judgment in the Yates County Court for the sum of $665 damages and ninety-four dollars costs, and the same was duly docketed and became a lien on the real estate of Holmes. Afterwards, and on the eighth day of September of the same year, Holmes made application to set aside the judgment, excusing his default in not appearing upon the trial of the issues before the referee, and an order was granted setting aside the default and allowing the defendant the privilege of defending the action upon the merits, and providing that the judgment stand as security for any judgment the plaintiff might obtain in the action, and appointing another referee to try the issues. Before the trial took place the defendant died and Jane Holmes, this plaintiff, was appointed the executrix and was substituted as defendant in the action, and thereafter the issues were tried resulting in a judgment in favor of the plaintiff for the sum of $753 damages and $230.44 costs, which was entered and docketed in the Yates county clerk's office on the 13th day of March, 1882. From this judgment the defendants therein took an appeal to the General Term of this court, and on the 4th day of October, 1882, procured an order in terms providing that the docket of each of the judgments be marked suspended upon appeal. The deed to the defendant was tendered after the order was made, and thereafter this action was commenced upon the 22d day of October, 1882. At the time the deed was tendered the defendant knew of the existence of these judgments, and neither of them have been paid.

If the premises were subject to a lien as security for the payment of the debt which Farley Holmes owed Ralph T. Wood, for which a judgment was procured against his personal representatives, then this plaintiff had no right of action and the defendant was justified in refusing to accept the deed and declining to pay the balance of the purchase-money. (*Burwell* v. *Jackson*, 9 N. Y., 536 ; *Delavan* v. *Duncan*, 49 id., 485.)

The judgment recovered against the personal representatives of Farley Holmes never became a lien upon the real estate of which he died seized. At common law a judgment against either an executor or administrator could not in any way bind the heir or devisee, or effect the real estate derived from the testator or intestate, and the provision of the statute is to the same effect, and section 1823 of the Code provides that the real property which belonged to a testator is not bound or in any way effected by a judgment against his executor or administrator, and is not liable to be sold by virtue of any execution issued upon such a judgment, unless the judgment is expressly made by its terms a lien upon such specific real property or expressly directs the sale thereof. The Revised Statutes on the same subject was to the same effect. (*Baker* v. *Kingsland*, 10 Paige, 366 ; *Colson* v. *Brainard*, 1 Redf., 324 ; *Moers* v. *White*, 6 Johns. Ch., 360:)

The question presented is therefore no way affected by the order of the court in which the judgments were recovered, marking the same secured on appeal, for the reason that section 1256 providing for the suspension of the lien, applies only to such judgments as are a lien upon real estate. The effect of the order opening the default was to vacate the judgment, and providing that the debt of the plaintiff in that action, the amount of which was in issue, should remain a lien upon the debtor's real estate, upon which the judgment became a lien at the time of its docket. The defendant therein had applied to the court for a favor, and in granting it the court had the power to impose the condition that the debt should be secured by a lien upon his property, and he having accepted the favor and the issues being tried upon the merits, the lien in equity continues until the debt is discharged.

In *Mott* v. *The Union Bank* (38 N. Y., 18) an order was granted opening a judgment taken by default, and also containing a provision

that the same stand " as security of the alleged indebtedness of the defendant to the plaintiff," and in commenting upon the character and effect of the judgment, after the order of modification, the court said : " In substance and in form the judgment is one which neither acknowledges or establishes any indebtedness of Mott to the bank, but is a judgment given as security for the payment of any sum that the bank should establish that Mott was liable to pay, and given in order to vacate the judgment in all respects except merely as such security. It was to perform the same precise office as a judgment confessed without action for the same purpose and no other." That the judgment could not be enforced and was not a final determination of the rights of the parties, but was permitted only to stand as a lien or security. (S. C., 8 Bosw., 591 ; *Wilson* v. *White*, 7 Cow., 477 ; 3 Wait's Prac., 669.)

The lien thus secured is not merged in the final judgment, for that would deprive the party of all the benefits intended to be secured by the order of the court. At this time we do not need to consider how the lien may be enforced, whether the land may be sold by a process to be issued on application to the court in the nature of an execution, or whether a suit in equity is necessary, founded upon all the proceedings had in the action, and bringing before the court all the parties interested in the premises claiming under the deceased. If the views, which we have expressed, are correct, then it is unnecessary to consider any other question discussed on the hearing.

Judgment reversed, new trial granted, with costs to abide the event.

HAIGHT, BRADLEY and CORLETT, JJ., concurred.

Judgment reversed and new trial granted, with costs to abide the event.