McAdam, C. J.
Judgment was taken against the defendant by default. It was subsequently, upon motion, so far opened as to permit the defendant to come in and defend upon the merits, the judgment in the meantime to stand as security. The action was afterwards tried and a verdict was rendered in favor of the plaintiff, on which he entered a fresh judgment for the amount of the recovery, with costs, as taxed. The defendant insists that this practice is irregular as there cannot be two judgments for the same debt. But the claim is without force or merit, as the first judgment is merely collateral to the other and security only for its payment.
In Hall agt. Templeton (4 Weekly Dig., 120) this court held that where a judgment by default is opened on condition that the lien of the judgment shall remain as security, the plaintiff, if he finally succeeds, must enter a new judgment by filing a fresh roll containing all the papers in the case, the same as if *238 no former roll had been filed, and that in ease of appeal the trial or final judgment is the one to be appealed from, and no reference need be made to the security judgment. This decision accords with the ruling made in Mott agt. The Union Bank (8 Bosw., 591; affirmed, 38 N. Y., 18).
The order opening the default in legal effect modifies the judgment by depriving it of its ordinary character as a res adjudicaba, but leaves it in force as a lien or collateral security (38 N. Y., at p. 20). Until the final determination of the controversy no execution can be issued on the security judgment to enforce its payment (Ford agt. Whitridge, 9 Abb. Pr., 416). The right to continue the lien of the judgment results from the general power which the court has to regulate its judgments, and from section 724 of the Code, which provides that “the court may upon such terms as justice requires ” relieve a party from a judgment taken against him by default through inadvertence. Under this authority the lien of the judgment opened may, as one of the conditions upon which it is opened, be retained by way of security (2 Johns. Cases, 286; 6 Cow., 390; 7 id., 477; 9 How. Pr., 442; 35 Hun, 637).
If the plaintiff fails in his action the security is returned by canceling the collateral judgment, which loses its vitality and effect when the action fails. But if the plaintiff finally succeeds in the action the orderly practice is to issue an execution upon the final judgment, which is' the real judgment in the case, and if that proves unproductive then to pursue whatever lien the collateral judgment gives; or if a levy has already been made on the collateral judgment, or a proceeding has been founded thereon, and either has been preserved by the order opening the default, it will not be impaired, but may be enforced if the plaintiff finally recovers in the action. But the court, in controlling the execution of its own process, may no doubt, on application, direct the manner of its enforcement so that the rights of all parties may be preserved and enforced without injury or oppression to either. It is clear, therefore, *239 that the security judgment is to remain of record unimpaired until the judgment entered upon the verdict has been paid, reversed, or in some legal form removed from the judgment docket.