## HOLMES et al. v. ROGERS.

*(Supreme Court, General Term, Fifth Department.  October, 1888.)*

1. SHERIFFS AND CONSTABLES—FAILURE TO RETURN EXECUTION—ATTACHMENT.
   Where the affidavits in support of a motion for an attachment to compel a sheriff to make return on an execution allege facts and circumstances which, if uncontradicted, would justify the court in holding that the sheriff received the execution from his predecessor,—among them, certain statements alleged to have been made by the sheriff to plaintiffs' attorney,—a mere denial by the sheriff of the fact in issue, without any attempt to explain such statements, does not furnish any ground for denying the motion.

2. SAME—ATTACHMENT—REARGUMENT.
   On motion for reargument the sheriff presented affidavits to show that a prior execution had been issued in the action, and a levy made under it.  *Held* that, while a recital in the second execution that a levy had been made under the prior

one was an admission of the fact, yet it did not estop plaintiff from showing that in fact no levy was made by the sheriff to whom the executions were originally delivered.

3. JUDGMENT—BY DEFAULT—VACATING—PERMITTING JUDGMENT TO STAND AS SECURITY.
  Where, on setting aside a default, a judgment is suffered to stand as security, it exists merely as a security, and does not determine any right of the parties; and there is no objection to taking precisely such future proceedings in the action as would be regular and requisite if no security had been given in that form, or if judgment by default had never been entered.

4. EXECUTION—VALIDITY—UNNECESSARY RECITALS.
  The fact that some of the proceedings in the action previous to final judgment are unnecessarily recited in the execution does not affect its regularity.

Appeal from special term, Erie county.

This is an appeal from two orders granted at the Erie county special term, the first ordering an attachment to issue against Frank F. Gilbert, as sheriff of Erie county, unless he shall return the execution issued in this action within five days after the service of a copy of the order. The plaintiffs, Holmes, Booth & Hayden, recovered a judgment against the defendant for the sum of $324.91, and on the 29th day of October, 1884, issued and delivered to Harry H. Koch, then sheriff of Erie county, an execution thereon in the usual form. Koch's term of office expired on the last day of December, 1885, and on the 1st day of January, 1886, Gilbert became sheriff, and entered upon the discharge of the duties of his office that day. The execution was in the hands of the late sheriff at the expiration of his term of office. After the entry of this order, Gilbert, the sheriff, applied for a reargument of the motion, presenting some facts in addition to those which appeared upon the original hearing. On this motion it appeared that the plaintiffs recovered and perfected a judgment in this action on the 10th day of April, 1884, for the sum of $293.41, and on the 1st day of May thereafter issued and delivered to the then sheriff, Harry H. Koch, an execution thereon, in the usual and customary form, which has never been returned by either sheriff. On the defendant's motion the judgment was opened, with a provision in the order that the same stand as security until another trial was had upon the merits. The motion for a reargument was denied. The sheriff appeals from both orders.

Argued before BARKER, P. J., and HAIGHT, BRADLEY, and DWIGHT, JJ. White & Simons, for appellant. George M. Osgoodby, for respondents.

BARKER, P. J., (after stating the facts as above.) On the facts presented on the first motion the order requiring the sheriff to make return of the execution issued on the 29th day of October, 1884, and in default thereof an attachment issue against him, was properly granted. It did not appear that Gilbert's predecessor in office, to whom the execution was delivered, had made a levy thereunder, or taken any steps towards its execution. It was the duty of the retiring sheriff to turn over the execution to his successor, and it was also the duty of the latter to receive the same, and execute its commands so far as it was in his power to do so. Code Civil Proc. § 182. The moving affidavit stated facts and circumstances which, if uncontradicted, would justify any court in holding that both the outgoing and incoming sheriff did all their duty as required by the said section, and that the execution came to the hand of the present sheriff, and he thus became charged with its execution. If Mr. Gilbert, the present sheriff, intended to raise an issue with the plaintiff on the material facts stated in the moving affidavits, he was unfortunate in the manner in which he disputed an averment of fact which he was called upon either to deny or explain. He meets those affidavits by a mere denial of the fact in issue, without any attempt to explain his statements made to the plaintiffs' attorney, as set forth in his affidavit, from which it might be fairly inferred that the execution was delivered to him by his predecessor, and that he had received the same for the purpose of obeying its commands. We fail to discover any error in granting the first order. The motion for a re-

argument was addressed to the discretion of the special term, and its order will not be interfered with here, unless we can clearly see that the sheriff has made a case which, if presented on the original hearing, would have defeated that motion. It may be conceded that he has fully excused his default, and the merits of the case as presented on the motion for a reargument should be considered. We think, after reading all the papers in the case, that the former sheriff did not make a levy under either execution, while the same were in his hands. The Code provides that within 10 days after the new sheriff has been inducted into office the former sheriff must deliver to him all mandates then in his hands, except such as he fully executed or has begun to execute by the collection of money thereon, or by the seizure of or levy on money or property in pursuance thereof. Section 184. In the second execution it is recited that a levy had been made under the one first delivered to the sheriff, which is an admission by the plaintiff of the fact that a previous levy had been made. But it does not estop the plaintiff from presenting the true state of facts, and showing, if such was the case, that no levy was made by the sheriff to whom the executions were originally delivered. We think the affidavits failed to show that a levy was made by the former sheriff, and that the execution which the present sheriff is required to return, or, in default thereof, an attachment issue against him, was received by him from the hands of his predecessor. Where, on setting aside a default, a judgment is suffered to stand as security, it exists merely as a security, and does not determine any right of the parties in the action; and there is no objection to taking precisely such future proceedings in that action as would be regular and requisite if no security had been given in that form, or that judgment by default had never been entered. 1 Wait, Pr. 669; *Mott* v. *Bank*, 38 N. Y. 18. The execution was entirely regular, although some of the proceedings in the action previous to the final judgment were unnecessarily recited therein. The plaintiff is entitled, as a matter of right, to the return of that process by the present sheriff, stating his action by virtue thereof, and both orders should be affirmed, with costs of one appeal and disbursements. All concur.