(12 Misc. Rep. 519.)

### KIDDER v. BORK.

(Superior Court of Buffalo, General Term. May 15, 1895.)

COVENANTS—WARRANTY AND PEACEABLE ENJOYMENT—BREACH—PLEADING.

> A complaint alleged the conveyance of land by defendant to Z. with covenant of warranty and peaceable possession, the giving of a mortgage by Z. to defendant, and the subsequent assignment thereof to plaintiff with covenant that $940.12, with interest, was due thereon; that the land, when the deed was executed, was subject to a lien for taxes, to extinguish which Z. had to pay $143.16; that said sum so paid is an offset against the mortgage in plaintiff's hands; that in an action by plaintiff against Z. to foreclose the mortgage the court decided that plaintiff was entitled to foreclose for the amount due on the mortgage, less $143.16, and interest thereon. *Held*, that a cause of action for the $143.16 was not stated, as plaintiff's claim rested on a breach of the covenant of warranty and peaceable enjoyment, and the complaint did not allege an eviction, or a judgment that the tax was a lien, but merely a "decision."

Action by Anne M. M. Kidder against George Bork for breach of covenant. Defendant demurs to the complaint on the ground that it fails to state a cause of action. Demurrer sustained.

Argued before TITUS, C. J., and HATCH and WHITE, JJ.

Ralph Stone, for plaintiff.
George W. Cothran, for defendant.

HATCH, J. The allegations of the complaint are, in substance, that one Zieman and wife made and executed their certain bond and mortgage upon premises described for securing the payment of $940.12, and delivered the same to defendant; that on the same date defendant conveyed to said Zieman and wife, by deed of warranty, with covenant of quiet and peaceable possession, the premises described in the mortgage; that said mortgage and deed were duly recorded; that thereafter defendant, for a good consideration, assigned said mortgage to the plaintiff, and covenanted therein that there was due thereon $940.12, with interest; that at the time of the making and delivery of the said deed the premises were not

free from incumbrance, but were subject to certain outstanding taxes, duly assessed, charged, and levied upon the premises by the city of Buffalo and the officers thereof in the sum of $137.65, which tax was due and unpaid, and at the time of the delivery of the deed was a lien and incumbrance upon the premises; that by reason thereof the said Zeiman was obliged to and did pay the sum of $143.16 in extinguishing the lien of said taxes upon said premises, said premises having been sold therefor, and that said sum of money so paid is an offset against said mortgage in the hands of the plaintiff; that an action was brought in the superior court of Buffalo to foreclose said mortgage, wherein this plaintiff was plaintiff and said Zeiman and wife and another were defendants; that issue was joined therein, and the action tried before the court without a jury, and the court decided that the plaintiff was entitled to a judgment of foreclosure and sale of the premises for the amount due upon the bond and mortgage, less the sum of $143.16, and interest thereon; demands judgment for said last-named sum, with interest and costs. There is nothing set out in the complaint showing any covenant in the deed against incumbrances.    Plaintiff's claim, therefore, rests upon a claimed breach of the covenant of warranty and peaceable enjoyment.    But there can be no breach of such covenant without an eviction, or by the establishment of facts showing paramount title.    Mead v. Stackpole, 40 Hun, 473; Boreel v. Lawton, 90 N. Y. 293.    There is nothing appearing in the complaint to show that his possession was for a moment disturbed, or that a paramount title in fact existed, and consequently there was no breach of the covenant.    There is no allegation that any judgment was ever entered adjudicating that the taxes were a lien upon the premises, or that any judgment whatever was entered in the foreclosure action.    The decision of a court upon issues which never passed into judgment cannot avail the party.    As this court is unable to see what the issue was presented by the pleadings, or if the pleadings were admissible for that purpose, or any other purpose; it would still be in the dark respecting what the court adjudicated.    The judgment roll is essential and necessary to establish such facts.    Forsyth v. Campbell, 15 Hun, 235; Baker v. Kingsland, 10 Paige, 366; Lansing v. Russell, 3 Barb. Ch. 325.    The pleading, therefore, fails in the statement of a cause of action.    Judgment should be directed sustaining the demurrer, with costs, with leave to the plaintiff to serve an amended complaint within 20 days on payment of costs.

WHITE, J., concurs.

TITUS, C. J.    I concur in the last reason stated in this opinion.