## FORD a. WHITRIDGE.

*New York Common Pleas; General Term, December*, 1859.

ISSUING EXECUTION.—JUDGMENT ALLOWED TO STAND AS SECURITY.

One of several, sued as joint-debtors, who was not served with summons, was permitted, after judgment entered against all upon default of the only one served, to come in and defend, upon condition, among other things, that the judgment stand as security.

*Held*, the plaintiff could not enforce the judgment, pending the litigation, by issuing execution.

Ford *a.* Whitridge.

Appeal from an order setting aside an execution.

The facts appear in the opinion.

By THE COURT.—HILTON, J.—The defendants were sued upon a joint liability, as owners of the steamer Potumski, the summons being served upon one only, who made default. Judgment was entered up in form against all. (*Code,* § 136.)

Subsequently, upon the application of the defendant Hogg, who was not served with process, he was permitted to come in and defend, upon certain conditions, *the judgment to stand as security;* and before his time for answering expired, the plaintiff issued execution upon the judgment.

A motion was then made to vacate the judgment entered as being irregular, and also to set aside the execution issued. Upon the hearing at special term of this motion, the judgment was declared to be regular, but the execution was set aside; and from that part of the decision, which thus discharged the execution, the plaintiff appeals.

I am unable to perceive upon what ground this appeal can be maintained. The action is against the defendants as joint-debtors, and to entitle the plaintiff to recover at all, he must establish a joint liability of all at the trial which is yet to take place, upon the issues which, by the papers submitted, appear to be presented by the answer, put in by the defendant Hogg, on behalf of all the defendants. (*Code,* § 274; Harrington *a.* Higham, 15 *Barb.*, 524.)

Permitting the judgment to stand as security, pending the litigation in respect to the defendant's liability, gave to the plaintiff no right to issue execution to enforce its payment of his claim.

The order appealed from is clearly right, and should be affirmed.