(27 Misc. Rep. 590.)

MacDOUGALL v. HOES.

(Supreme Court, Trial Term, New York County.    May 31, 1899.)

JUDGMENT—DEFAULT—OPENING—ACTION.

Where a default judgment was opened to let in defendant to defend, and was to stand as security, but no further proceedings were had except an order of reference, it was not a final judgment on which execution could issue, and hence would not support an action thereon, as authorized by Code Civ. Proc. § 1913.

Action by Alexander William MacDougall against William M. Hoes, public administrator of the goods, etc., of Leonard W. Jerome, deceased.   Complaint dismissed.

Suit upon a judgment recovered by the plaintiff against Leonard W. Jerome, June 13, 1882, in an action on contract, in the New York court of common pleas, for $11,802.43.    On July 12, 1882, the judgment which had been obtained by reason of the defendant's default was so far opened as to permit him to come in and defend the action, upon paying motion costs and stipulating to refer the action, conditions which were fully complied with.    The order directed that the judgment stand "as security."   An order of reference was thereupon made to hear and determine, but no proceedings were had before the referee.   Jerome died March 4, 1891.    Letters of administration were thereafter issued to the public administrator, the present defendant.   A claim on the judgment having been presented to the administrator and rejected, the present suit was commenced on the judgment, which the plaintiff claims to be in force because the defendant did not avail himself of the right of defense before his death.

Evarts, Choate & Beman, for plaintiff.

Foster & Thomson, for defendant.

McADAM, J.   The plaintiff evidently brought his action under section 1913 of the Code, authorizing actions upon certain judgments, but the provisions of that section refer to final judgments upon which an execution may be issued.   Insurance Co. v. Tomlinson, 3 Hun, 630, approved in Re Van Beuren, 33 App. Div., at page 160, 53 N. Y. Supp. 349.   The judgment sued upon is in no sense final.   The order permitting the defendant to come in and defend, though it permitted the judgment to stand as security, deprived it of all validity for any other purpose.   It was left standing as a mere security for whatever amount the plaintiff might subsequently establish by further proceedings in that action.   No execution could be issued on it after the making of that order, and none can be issued on it now.   Had the plaintiff prosecuted the action and recovered less than the amount named in the security judgment it would have been void as to the excess, and if the defendant therein had been wholly successful it would have fallen absolutely.   Such is the legal result.   See Negley v. Counting Room Co., 2 How. Prac. (N. S.) 237; Mott v. Bank, 38 N. Y. 18;  Holmes v. Rogers (Sup.) 2 N. Y. Supp. 501; Hall v. Templeton, 4 N. Y. Wkly. Dig. 120; Miller v. Insurance Co., 3 E. D. Smith, 184;  Pierce v. Thomas, 4 E. D. Smith, 354.   It follows that the complaint must be dismissed on the merits, with costs.