CHARLES F. WENHAM *et al.*

*v.*

THE INTERNATIONAL PACKING COMPANY.

*Opinion filed December 22, 1904—Rehearing denied Feb. 9, 1905.*

1. APPEALS AND ERRORS—*when trial court can do nothing but carry mandate into effect.* If the Appellate Court determines the issues and decides the questions involved upon their merits, and the case is reversed and remanded with directions to proceed in conformity with the views expressed in the opinion, the court below has no power except to enter final judgment without re-trial.

2. SAME—*what necessary in ascertaining whether the Appellate Court has decided the merits.* For the purpose of ascertaining whether the Appellate Court has determined the issues and decided the questions involved upon their merits, it is necessary to ascertain what the issues were and to examine the opinion of the court.

3. SAME—*when judgment of the Appellate Court is final.* Where the sole question whether the purchaser took anything by his purchase at a sheriff's sale is decided by the Appellate Court in the negative by holding that the motion to set aside the execution, levy, sale and certificate of purchase should have been allowed, there is nothing for the lower court to do, in carrying into effect the mandate of the Appellate Court to proceed in conformity with the views expressed in the opinion, but to allow the motion.

4. JUDGMENTS AND DECREES—*when an order of court amounts to restraint in issuing execution.* An order that a judgment by default stand as security and that leave be given to defendant to plead instanter, operates as a restraint upon the plaintiff's right to an execution, and the time he is so delayed is not counted in determining whether the one year's life of the lien of the judgment had expired before the execution was issued.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding.

On June 21, 1900, John Cichowicz brought an action on the case in the superior court of Cook county against the International Packing Company, the appellee, to recover damages for a personal injury. The defendant defaulted,

and on July 10, 1900, judgment was rendered by the court for $5000 in favor of the plaintiff. Afterwards, on July 14, 1900, leave was given the defendant to plead instanter, on payment of $100 to plaintiff's attorney and $250 to plaintiff, the said sums to be deducted from any amount subsequently recovered. It was further provided in the order that "the judgment heretofore entered herein of record to stand as security." A trial, on December 24, 1901, resulted in a verdict for $3000 in favor of the plaintiff, and after overruling motions for a new trial and in arrest of judgment, the court, on February 14, 1902, entered judgment against the defendant, which provided that "the judgment entered herein of record on the 10th day of July, A. D. 1900, for the sum of $5000 stand in as full force and effect as at the time of the rendition thereof," and that such judgment be satisfied in full of record upon payment of $2650 together with interest and costs of suit. The defendant prayed an appeal from that judgment to the Appellate Court for the First District, but the appeal was not perfected.

On March 20, 1902, the plaintiff caused an execution to be issued on this judgment, and a levy was made thereunder on certain real estate in the city of Chicago which had belonged to the defendant on July 10, 1900, but which had been sold and transferred to Isadore Schmitt, for an expressed consideration of $75,000, by deed dated July 18, 1900, and recorded July 23, 1900. This real estate was sold by the sheriff, on July 15, 1902, under the execution and levy to Charles F. Wenham for $2990, and on July 23, 1902, a certificate of sale therefor was issued by the sheriff to him. On the day of sale the sheriff paid to David K. Tone, plaintiff's attorney, $2935 in full of the judgment and interest.

On July 1, 1902, after levy but before sale, a writ of error, which did not operate as a supersedeas, was sued out of the Appellate Court for the First District to the superior court by the International Packing Company, to review the judgment rendered against it, and on March 19, 1903, that

judgment was reversed, but the cause was not remanded. (*International Packing Co.* v. *Cichowicz,* 107 Ill. App. 234.) On May 4, 1903, the International Packing Company, pursuant to a written notice served upon David K. Tone, as the plaintiff's attorney and upon him individually, and upon Charles F. Wenham, presented to the superior court of Cook county its motion in writing for an order setting aside the execution, levy and sale and certificate of purchase above mentioned and requiring David K. Tone to pay to the clerk of the court for Charles F. Wenham or whoever may be entitled thereto the full amount of the bid made by Wenham at the sale. Defendant contended that the order of July 14, 1900, did not stay the judgment; that as no execution actually issued within a year after the date of the judgment, the lien was lost; and that as the deed to Schmitt conveyed all the title held by defendant, Wenham took nothing by the sale and certificate of purchase, and the relief sought by the motion should be awarded. The motion was accompanied by affidavits setting out the facts heretofore recited in this statement, and also averring that no execution was issued on the judgment within one year from July 10, 1900, and that plaintiff was not restrained by injunction, appeal or by the order of a judge or court, nor was he delayed on account of the death of the defendant from issuing execution on the judgment between July 10, 1900, and March 20, 1902. It is also stated in the affidavits, upon information and belief, that David K. Tone, on July 15, 1902, was claiming to be the owner of the judgment; that the $2990, less costs of sale, was paid to him, and that he still holds in his possession and under his control the amount so paid to him by the sheriff.

At the hearing of the motion, David K. Tone appeared in court in his own behalf and for and on behalf of Cichowicz and Wenham, and objected to the jurisdiction of the court to enter any order affecting the rights of any of the parties. A hearing was had on the motion, appellee herein

introducing the documentary evidence of the proceedings in the cause and the affidavits hereinabove referred to, which was all the evidence heard on said motion, and the court thereupon entered an order overruling the motion of the defendant. The packing company appealed from that order to the Appellate Court for the First District, and that court, after stating, in its opinion, that the motion should have been allowed, reversed the order of the superior court and remanded the cause for further proceedings in conformity with that opinion. It also awarded costs against Cichowicz, Wenham and Tone. This appeal is prosecuted by the two last named persons to present for review the judgment of the Appellate Court.

It is here insisted that the Appellate Court erred in reversing the order of the superior court and remanding the cause, because the order of July 14, 1900, stayed execution until the entry of the judgment of February 14, 1902, and the execution, excluding the time between those dates, was issued within a year from the rendition of the judgment.

In the superior court the parties submitted propositions of law, and the action of that court in passing upon such propositions properly presents the question arising on the merits, which is discussed in the following opinion.

A preliminary question is brought to our attention by a motion made in this court by the appellee to dismiss this appeal on the ground that the judgment of the Appellate Court is not one from which an appeal lies.

THOMAS J. SUTHERLAND, for appellant Charles F. Wenham; DAVID K. TONE, *pro se.*

F. J. CANTY, and A. B. MELVILLE, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The order of the superior court was reversed by the Appellate Court and the cause was remanded. An appeal is prosecuted from the Appellate Court to this court on the

theory that the judgment of that court is "such that no further proceedings can be had in the court below except to carry into effect the mandate of the Appellate Court." The appellee moves to dismiss the appeal, and argues that the judgment of the Appellate Court does not fall within the language above quoted, which is from section 91 of chapter 110, Hurd's Revised Statutes of 1903. The judgment of the Appellate Court is that the order of the superior court be reversed "and that this cause be remanded to the superior court of Cook county for further proceedings in accordance with the views expressed in the opinion of this court." The opinion of that court contains these words: "Appellee Wenham took nothing by his purchase at the sheriff's sale, and the motion of the appellant should have been allowed." Any further proceedings in the superior court must have been in accord with that language had no appeal been prosecuted to this court.

Where a court of appellate jurisdiction, in considering a cause, determines the issues and decides the questions involved upon their merits, and the case is reversed and remanded with directions to proceed in conformity with the views expressed in the opinion, there is no power in the court below except to enter a final order or judgment without a re-trial; and for the purpose of ascertaining whether the appellate tribunal has determined the issues and decided the questions involved upon their merits, it is necessary to ascertain what the issues are and to examine the opinion of the court which deals therewith. *In re Estate of Maher,* 210 Ill. 160.

In this case, the sole question is whether Wenham took anything by his purchase at the sheriff's sale. The Appellate Court determined that question on its merits adversely to appellant, holding that the motion made in the superior court by the International Packing Company, which is appellee here, should have been allowed. Had the case gone back to the superior court in accordance with the judgment of the

Appellate Court, it is manifest that the superior court could have done nothing but carry into effect the mandate of the Appellate Court by allowing the motion of the packing company, appellee here. ·

The motion to dismiss the appeal will be denied.

Section 1 of chapter 77, Hurd's Revised Statutes of 1903, provides that a judgment of a court of record shall be a lien on the real estate of the defendant within the county for a period of seven years, but that if execution is not issued thereon within one year from the time the same becomes a lien, it shall cease to be a lien after the expiration of that year. Section 2 of the same chapter is in words and figures following:

"When the party in whose favor a judgment is rendered is restrained, by injunction out of chancery, or by appeal, or by the order of a judge or court, or is delayed, on account of the death of the defendant, either from issuing execution or selling thereon, the time he is so restrained or delayed shall not be considered as any part of the time mentioned in sections 1 or 6 of this act."

The question here is whether Cichowicz was restrained by the order of the court by which appellee was permitted to plead. That order was entered on July 14, 1900, and so far as material was as follows: "Now, on this day it is ordered that leave be and is hereby given the defendant to plead herein instanter, and the judgment heretofore entered herein of record to stand as security."

In *Hier* v. *Kaufman,* 134 Ill. 215, a similar order had evidently been made in reference to a judgment by confession, and this court there said that a court of law exercises an equitable jurisdiction over a judgment by confession and may open the judgment and allow the debtor to present his defense, but will protect the creditor "by permitting the judgment to stand as security; in such cases, the proceedings on the judgment are merely stayed; the enforcement of the plaintiff's lien is suspended, but the lien is fully pre-

served; if the defense is successful, the judgment falls; if otherwise, the judgment is to be enforced." While the question involved in that case was not the same as the one now before us, we are of the opinion that the language quoted is an accurate statement of the law applicable here.

The order is, that the judgment is to stand as security, which, we think, means that it is to stand or exist for no other purpose. The object of the entire order is to permit the defendant to present his defense, saving, however, to the plaintiff all rights acquired by the judgment in case the defense is without merit. If after the making of this order the plaintiff could have proceeded to enforce the judgment by execution, it is manifest that the right of the defendant to plead might be of no avail whatever, because even if it were successful on the trial of the issue formed by its plea, the plaintiff might have collected the original judgment and put the proceeds beyond the reach of the defendant long before the determination of the issue raised by the plea.

The order under consideration operated to restrain the plaintiff from the date of its entry, July 14, 1900, until the date of the judgment entered in pursuance of the verdict, which was February 14, 1902. Excluding this period, the execution was issued within a year from the time the original judgment became a lien.

Our view of this matter is supported by the following authorities: 6 Ency. of Pl. & Pr. 221, 222; *Ford* v. *Whitridge,* 9 Abb. Pr. 416; *Rodbourn* v. *U., I. & E. R. R. Co.* 28 Hun, 369; *MacDougall* v. *Hoes,* 58 N. Y. Supp. 209.

It is urged that the sale under the execution should be set aside because the real estate was sold *en masse* for a sum so much less than the value of the property as to be grossly inadequate. The property consisted of two lots. It appears by the sheriff's return that they were offered separately, and no bids being received on either, they were then offered together and sold to Wenham; but it is said that Wenham's bid upon which the sale was made was not a reasonable one in

amount because it was very much less than the value of the property, and that the sheriff should have refused to accept the bid and continued the sale. There is in this record no evidence whatever of the value of the property on the day of the sale under execution, and this question for this reason does not arise on this record.

The judgment of the Appellate Court will be reversed and the order of the superior court will be affirmed.

*Judgment reversed.*