CHARLES F. WENHAM *et al.*

*v.*

ISIDORA SCHMITT *et al.*

*Opinion filed December 20, 1905—Rehearing denied Feb. 7, 1906.*

1. REDEMPTION—*what does not affect legality of redemption.* The legality of a redemption which complies with the statute in all respects is not affected by the fact that the party making such redemption had previously obtained an order of court restraining the sheriff from issuing any deed or from paying over any redemption money pending an appeal from an order denying a motion to set aside the sale and certificate of sale.

2. SAME—*party may redeem pending appeal.* One who appeals from an order denying his motion to set aside an execution sale and obtains an order restraining the sheriff from making any deed or paying over any redemption money pending the appeal has a right to redeem from the sale before the appeal is determined, and it is not essential to the legality of such redemption that the amount paid include interest on the amount of the bid from the time of the sale to the time the appeal is finally determined.

3. DAMAGES—*when alleged loss of interest is in the nature of damages.* Alleged loss of interest on redemption money from the time it was paid to the sheriff until the final determination of an appeal from an order denying a motion to set aside the sale, pending which appeal the sheriff was restrained by an order of court from paying over the redemption money, is in the nature of damages, for the recovery of which the party sustaining the same must look to the security afforded by the bond filed when the appeal was allowed and the restraining order entered.

APPEAL from the Superior Court of Cook county; the Hon. M. KAVANAGH, Judge, presiding.

DAVID K. TONE, and THOMAS J. SUTHERLAND, for appellants.

BARKER, CHURCH & SHEPARD, (WILLIAM T. CHURCH, of counsel,) for appellee Isidora Schmitt.

F. J. CANTY, and AMERICUS B. MELVILLE, (H. E. LONG, of counsel,) for appellees the International Packing Company and Thomas E. Barrett, sheriff.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

Isidora Schmitt, one of the appellees, filed her bill of complaint in the superior court of Cook county, praying that court to set aside as a cloud upon her title a certificate of sale of premises owned by her, issued to Charles F. Wenham, one of the appellants, on a sale under an execution in favor of John Cichowicz against the International Packing Company, one of the appellees. The bill was afterward amended so as to allege that the International Packing Company had redeemed the premises from the sale in accordance with the provisions of the statute. Charles F. Wenham, after demurring to the amended bill, answered the same and filed his cross-bill against appellees, Isidora Schmitt, the International Packing Company and Thomas E. Barrett, sheriff, asking the court to set aside the sheriff's certificate of redemption from said sale, to declare him the absolute owner of the premises and to order the sheriff to execute a sheriff's deed to him. The cross-bill was amended and appellees demurred to it. Zaidah E. Wenham, the other appellant, upon leave granted, filed a supplemental bill, alleging that Charles F. Wenham had conveyed to her all his right, title and interest in the premises, and asking to be substituted as complainant in the cross-bill. The court sustained the demurrers of appellees to the cross-bill and supplemental bill, and ap-

pellants having elected to stand by their cross-bill and supplemental bill, the same were dismissed for want of equity. The original bill was then dismissed on motion of the appellee Isidora Schmitt. Appellants appealed from the decree dismissing the original bill and the cross-bill and supplemental cross-bill.

The sole question in this case is whether the payment by the execution debtor, the International Packing Company, to the sheriff, within twelve months from the date of the sale, of the sum of $3169.40, the amount of the sale with six per cent interest thereon, in accordance with the statute, was a legal redemption from the sale. The facts alleged upon which the court held that the redemption was legal and valid are as follows: The sale was made by the sheriff on July 15, 1902, to the appellant Charles F. Wenham for $2990, and on July 23, 1902, a certificate of sale was made and delivered to him by the sheriff. On January 22, 1903, Isidora Schmitt filed her bill to set aside the certificate of sale. On May 4, 1903, the International Packing Company, defendant in the execution under which the sale was made, presented its motion to the superior court of Cook county from which the execution issued, for an order setting aside the execution, levy, sale and certificate of sale. The court denied the motion and the International Packing Company prayed an appeal, which was allowed upon filing a bond in the sum of $4000, conditioned to pay to plaintiff, Cichowicz, and to Charles F. Wenham, the purchaser at the sale, all damages they or either of them might sustain by the staying of proceedings in said cause. The bond was given in compliance with the order and was approved by the court, and the sheriff was restrained by order of the court on July 1, 1903, during the pendency of the appeal, from issuing any sheriff's deed, and, in case of redemption, from paying over to any person the redemption money until the decision of the cause upon appeal, and Charles F. Wenham was also restrained from taking out any sheriff's deed, based upon

said sale, until such decision. On July 13, 1903, the International Packing Company paid to the sheriff $3169.40 to redeem the premises from the sale, and that was the full amount required by the statute to effect a redemption. The sheriff issued a certificate of redemption as required by the statute and it was recorded in the recorder's office. The Appellate Court reversed the order of the superior court, but the judgment of the Appellate Court was reversed and the order of the superior court was affirmed by this court. *Wenham* v. *International Packing Co.* 213 Ill. 397.

The facts stated in the cross-bill to which the demurrer was sustained show that the redemption was made within the time and in the manner prescribed by the statute and with the proper officer; that the amount paid was sufficient to effect the redemption, and that a certificate evidencing the redemption was given and recorded in the recorder's office. The ground upon which counsel for appellants contend that the redemption was not effectual is, that the superior court, on motion of the International Packing Company, had restrained the sheriff, during the pendency of the appeal, from paying over the redemption money to the purchaser, so that he could not obtain the redemption money at once. The right to redeem property sold upon execution is given and regulated by statute, and the provisions of the statute having been complied with, the property was redeemed from the sale and freed from any claim of the purchaser. If he was entitled to receive the redemption money at once and was deprived of that right it was through the order of the superior court, and the legality of the redemption was not affected thereby. The redemption money was paid to the sheriff without any condition whatever, and his certificate recited that it was paid for the benefit of the purchaser. The fact that the court, on motion of the International Packing Company, had entered an order restraining the sheriff from paying over the redemption money until the determination of the appeal, does not in any manner affect the question

whether there was a redemption. Counsel for appellants
argue that a payment of money under similar circumstances
would not constitute the payment of a debt or obligation or
a legal tender of payment, but the question what will consti-
tute a redemption under the statute is not to be confused
with either payment or tender. The only question is whether
the statute was complied with.

Counsel for appellants further contend that the redemp-
tion was not valid because, when the appeal was finally de-
termined in this court, the money in the sheriff's hands was
not equal to the amount of the bid, with six per cent interest
thereon to the time of such final determination. They treat
the case as though the payment to the sheriff was an attempt
to redeem at the time of the final determination of the appeal
in this court, and that interest at six per cent from the time
of the sale up to such final determination would be necessary
to effect such a redemption. That position is not correct,
but, on the contrary, when the appeal was finally decided
the time for redemption had expired, and neither the pack-
ing company nor its grantee, Isidora Schmitt, would then
have been entitled to redeem upon the payment of any sum
of money. Interest on the redemption money after it was
deposited with the sheriff could not be considered as re-
demption money or any part of it. The packing company
was not bound to allow the time for the redemption to ex-
pire while litigating the question whether the purchaser was
entitled to receive the redemption money, and interest on
the money while the purchaser was deprived of its use is in
the nature of damages. It could not be added to the amount
paid to the sheriff for the purpose of invalidating a redemp-
tion lawfully made. If the purchaser suffered any damage
by the loss of interest he can only be reimbursed by the
security afforded by the bond filed in pursuance of the order
of court and conditioned to pay him all such damages. Af-
ter the redemption he had no right to the land or to a deed,
but his right was to receive the money. If he suffered any

damage it was because of the restraining order, and the bond was given to secure payment of such damage.

Counsel for appellants liken this case to that of *Lynch v. Burt,* 132 Fed. Rep. 417, where a cross-bill was filed to set aside certificates of sale and the amount required to redeem was deposited in court. The statute provided for a redemption by the payment of redemption money to the sheriff, but the statutory right of redemption was not exercised. No money was paid to the sheriff for the purpose of redeeming the property, nor was it paid to any one authorized by the statute to receive it. There was no redemption in that case, and the court so held; but in this case there was a redemption in strict compliance with the statute.

The superior court did not err in sustaining the demurrers and dismissing the bills of appellants nor in dismissing the original bill of appellee Isidora Schmitt.

The decree is affirmed.

*Decree affirmed.*