DANIEL E. POMEROY and Others, Appellants, *v.* THE HOCKING VALLEY RAILWAY COMPANY, Respondent. (Action No. 1.)

First Department, April 4, 1919.

Pleading — right to supplemental answer alleging facts arising after entry of judgment and to reference of all the issues in the action — permitting original judgment to stand as security for alleged indebtedness of defendant — designation of another referee — inherent power of court to open judgments and permit litigation of new issues — effect of permitting original judgment to stand as security.

Where, after the entry of a judgment against the defendant on a guaranty of bonds, facts occur affecting said defendant's liability and its right to subrogation, it is entitled to an order granting leave to serve and file a supplemental answer alleging such facts and referring all of the issues in the action to a referee to hear, try and determine, and further permitting the judgment which was entered upon the report of a referee to stand as security for the alleged indebtedness of the defendant.

Where such an order authorizes a new trial of all the issues and the consent on which the original order of reference in the action was granted did not contain any express provision precluding the application of section 1011 of the Code of Civil Procedure, the issues must be referred to another referee.

The court has inherent power in the furtherance of justice to open its judgments and to permit the presentation and litigation of new issues.

Authority to allow the service of supplemental pleadings is not limited to service thereof before the entry of the original judgment in the action.

A judgment permitted to stand as security as in the order aforesaid is neither appealable nor enforcible as such, but is in effect a substitute for other security and is superseded by the final judgment in the action.

APPEAL by the plaintiffs, Daniel E. Pomeroy and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 28th day of October, 1918, granting defendant leave upon certain conditions to serve and file a third supplementary answer in the form proposed and referring the issues arising thereon to a referee to hear, try and determine and further permitting the judgment herein entered in plaintiffs' favor and against the defendant on the 26th day of December, 1917, upon the report of a referee to stand as security for the alleged indebtedness of the defendant to the plaintiffs.

*Joseph M. Hartfield* of counsel [*Vermont Hatch* with him on the brief; *White & Case*, attorneys], for the appellants.

*G. H. Dorr* of counsel [*A. C. Rearick, A. H. Smith* and *S. T. B. Morrison* with him on the brief; *Rearick, Dorr & Travis*, attorneys], for the respondent.

LAUGHLIN, J.:

The motion, made by the defendant, which resulted in the order from which the appeal was taken, was " for an order (a) vacating absolutely the judgment entered herein on December 26, 1917, or, in the alternative (b) vacating the judgment heretofore entered herein, with leave to the defendant to serve and file a supplementary answer " in the form annexed to the motion papers and to offer proof in support thereof and thereupon to move for the relief therein prayed for, " or in the alternative (c) granting leave to the defendant, upon the additional facts set forth in its moving affidavits, to renew its former motion herein to the effect set forth in the foregoing clause (b) and thereupon granting said motion; and (d) for such other and further relief as to the court should seem proper."

Three days after the entry of the judgment the defendant made a similar motion which was denied, and it appealed. On that appeal we stated the material facts on which the motion was based, and affirmed the order (182 App. Div. 619). It is not necessary to restate the facts which we then analyzed and considered further than to say that the recovery against the defendant was on a guaranty of bonds of the Kanawha and Hocking Valley Coal and Coke Company, a West Virginia corporation, which were secured by a mortgage on the property of that company, and it was claimed that the principal, which, by the terms of the mortgage and bonds, was not payable until July 1, 1951, had become due by action of the holders of a majority of the bonds, taken pursuant to the provisions of the mortgage and bonds for default in the payment of certain semi-annual interest coupons. There were outstanding, when the action was commenced, 2,842 of the bonds of the par value of $1,000 each, and the plaintiffs owned, or represented the owners of, 2,387 of them, and the action was brought thereon. Pending the action, the bonds in suit

were purchased by the New York Central Railroad Company, pursuant to leave of the United States District Court in the Southern District of Ohio, Eastern Division, in an action brought by the United States of America against the mortgagor, the Lake Shore and Michigan Southern Railroad Company and others, and pursuant to the order the bonds were delivered to and held by a trustee appointed by the court, and this action was continued by leave of that court. On the day the judgment was entered herein the trustee deposited for collection a check, received by its attorneys two days before for the amount due on the matured coupons on the bonds, failure to pay which had been the basis of the action taken by the majority owners constituting an election to declare the entire principal due and payable, together with interest thereon from the dates when due. The check was received and collected on the conditions imposed by the mortgagor that the coupons and income tax certificates and a formal receipt reciting that the money was received in payment of the coupons and interest thereon should be returned to the mortgagor, and that was done. When the former motion was made, however, the money so collected on account of the coupons had not been paid over to the railroad, the owner of the bonds, but was held by the trustee and an application by it to the Federal court for directions with respect to the disposition of the money was pending. For aught that then appeared the court might have directed its trustee to return the money to the mortgagor unless the latter consented to its retention and application on the indebtedness generally, thus preserving the default unimpaired, and the right of the defendant to subrogation on paying the judgment; and on that theory we affirmed the order. It now appears, however, that the Federal court thereafter, and on the 14th day of June, 1918, on the petition of the trustee, directed that the money collected on the coupons be paid over by the trustee to the owner of the bonds, to be indorsed upon the judgments, where judgments had been taken, and on the bonds which had not been reduced to judgment, and in effect that the same course should be pursued with respect to payments received on any coupons in the future; and evidently on facts appearing before the court, but not recited in the order, with respect to the

relations between the defendant and the Toledo and Ohio Central, it was further directed that double credits be given the defendant, the effect of which is that the defendant's liability is not being enforced for more than one-half the amount. The Federal court declined to pass on the action of its trustee in thus receiving and applying the money, upon the point as to whether it would constitute a waiver of the former election to have the bonds mature on account of the default in paying the coupons, which, as stated, was subsequently paid with accrued interest and it relegated all questions with respect thereto and with respect to the enforcibility of the judgment recovered herein to the court in which the action was brought. The Federal court also suggested that steps be taken to foreclose the mortgage by which the bonds are secured and thus to endeavor to enforce payment against the primary debtor which may obviate the necessity of deciding the point as to whether the collection of the coupons and interest constitutes such a waiver. It does not appear that the payment of the past due coupons and interest thereon by the mortgagor was either directed or influenced by the Federal court in the exercise of any authority or control it may have had over the mortgagor, or that such payments were other than the voluntary acts of the mortgagor. The motion was renewed on these additional facts which are pleaded in the third supplemental answer, and the learned Special Term, being of the opinion that the defendant was entitled, before being compelled to pay the judgment, to have the effect of these facts which occurred after the entry of the judgment upon its liability and its right to subrogation litigated, granted the motion.

The appellants challenge the right of respondent to relief in the form given, and respondent ignores the objections, leaving it for the court to sustain or answer them. On the former appeal we held that if the right of subrogation has not been pursued, the defendant should have relief either in this form or by suit to enjoin the enforcement of or the cancellation of the judgment; but since the procedure has not been argued, we refrained from deciding what form the relief should take. There is, I think, precedent for a remedy by such a suit (See

*McNulty* v. *Hurd*, 18 Hun, 1; affd., 86 N. Y. 547), but I think an appropriate and authorized remedy is by vacating the judgment and rehearing the old and new issues.

We are of the opinion that the defendant is entitled to have the effect of these facts upon its liability adjudicated, and that the procedure contemplated by the order is proper. But the order must either be construed as referring, or redrafted so as to refer, all of the issues in the action, precisely as if the motion to vacate the judgment had been granted unconditionally. No objection is made by the appellants to a reference of the issues; but they contend that the reference should have been to the referee upon whose report the judgment was entered. The judgment recites that the issues were referred to a designated referee on the written consent of all the parties. The consent on which the order of reference was made is not in the record, but it is not claimed that it contained any express provision precluding the application of section 1011 of the Code of Civil Procedure, which provides that if the referee named in a stipulation refuses to serve, or if a new trial of an action tried by a referee so named is granted, the court must appoint another referee, unless the stipulation expressly provides otherwise. The designation of another referee was, therefore, necessary for this order necessarily grants, or must be amended so as to grant, a new trial of the issues since it authorizes the service of the supplemental answer. If the order of reference had been merely to take evidence and report the facts together with the opinion of the referee to enable the court to pass on the motion to vacate the judgment, there would have been no propriety in allowing the service of the supplemental answer; and, regardless of whether or not that course might have been pursued, it is manifest that in the circumstances the proper course was to open the case for a retrial of the issues, to the end that the defendant may have the benefit of these facts, which occurred subsequent to the trial and entry of the judgment, precisely as if they had occurred before and had been properly pleaded as a defense. Of course the judgment cannot be regarded as standing in full force with the issues raised by the pleadings decided thereby and new issues raised by the service of a supplemental answer; and that is all that was decided by our

per curiam opinion in *Apgar* v. *Connell* (150 App. Div. 914). That opinion neither sets forth the facts nor fully the nature of the motion, and for the reason, doubtless, that on the day that appeal was argued, this court reversed the judgment in that case and granted a new trial (150 App. Div. 424), which rendered unnecessary the defendant's motion for a new trial on newly-discovered evidence in connection with which the supplementary answer was sought to be served. That decision is not to be construed as holding that a judgment may not be vacated on motion and service of a supplementary pleading presenting new issues authorized. It is well settled that the court has inherent power, in the furtherance of justice, to open its judgments and to permit the presentation and litigation of new issues. (*Hatch* v. *Central National Bank*, 78 N. Y. 487; *Patterson* v. *Hochster*, 21 App. Div. 432; *Ladd* v. *Stevenson*, 112 N. Y. 325; *Vanderbilt* v. *Schreyer*, 81 id. 646; *Wetmore* v. *Law*, 34 Barb. 515.)

The authority to allow the service of supplemental pleading has not been limited by the Legislature to service thereof before the entry of the original judgment in the action (Code Civ. Proc. § 544), and it is manifest, when circumstances warrant the opening of a decree or judgment supplementary pleadings are necessary to present the new issues to be litigated and that is the proper procedure. (*People ex rel. Broderick* v. *District Court of Ramsey County*, 91 Minn. 161.) The only question there may be is with respect to the form of the order, and whether it may be properly construed as I have indicated as vacating the judgment to the extent of requiring a retrial of the original issues and of the new issues, although it is permitted to stand as security for any recovery that the plaintiffs may have on the new trial. That is, I think, the necessary effect of permitting the judgment to stand as security only, which is a course often pursued in opening defaults; and in such cases it is well settled that the judgment thus permitted to stand is neither appealable nor enforcible as such, but is in effect a substitute for other security, and is superseded by the final judgment in the action. (*Mott* v. *Union Bank of City of New York*, 38 N. Y. 18; *Holmes, Booth & Hayden* v. *Rodgers*, 50 Hun, 600; *Ford* v. *Whitridge*, 9 Abb. Pr. 416; *Rodbourn* v. *Utica, Ithaca & Elmira R. Co.*, 28 Hun,

369; *MacDougall* v. *Hoes*, 27 Misc. Rep. 590.)   In order, how-
ever, that there may be no doubt with respect to the issues
referred to the referee, the order should be amended by refer-
ring all issues in the action; but since the defendant has not
appealed it is doubtful whether we are authorized so to amend
it and, therefore, an application therefor should be made at
Special Term.

It follows, therefore, that the order appealed from should
be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING, SMITH and SHEARN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.