DANIEL E. POMEROY and Others, Appellants, *v.* THE HOCKING VALLEY RAILWAY COMPANY, Respondent.   (Action No. 1.)

First Department, April 4, 1919.

Pleading — effect of order granting motion to serve supplemental answer referring all issues to a referee and permitting original judgment to stand as security — judgment not enforcible pending retrial of issues — right to resettlement of order — when order denying motion to resettle not appealable.

Where on a motion by a defendant to vacate a judgment and for leave to file a supplemental answer, the court grants an order permitting the service of a supplemental answer and referring all the issues in the action to a referee and permitting the original judgment to stand as security, an appeal therefrom cannot be prosecuted and no step may be taken by the plaintiffs to enforce said judgment pending the retrial of the issues.

Under such circumstances the court should deny a motion by the defendant for an order limiting the security which it would be required to give to stay execution on the judgment pending its appeal therefrom.

Plaintiffs not being aggrieved by an order made on such a motion reserving the determination thereof with leave to the defendant to make further application, are not entitled to have it resettled.

An order denying a motion to resettle a prior order is not appealable where the motion for resettlement was not made on any new facts or to correct any erroneous recital therein, but was to settle the order in the form proposed by the plaintiffs on the original hearing.

APPEAL by the plaintiffs, Daniel E. Pomeroy and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 3d day of December, 1918, denying their motion to resettle an order entered in said clerk's office on the 28th day of October, 1918, which said order was made on the defendant's application to limit the security which it would be required to give to stay execution on its appeal from the judgment herein.

*Joseph M. Hartfield* of counsel [*Vermont Hatch* with him on the brief; *White & Case,* attorneys], for the appellants.

*G. H. Dorr* of counsel [*S. T. B. Morrison* with him on the brief; *Rearick, Dorr & Travis,* attorneys], for the respondent.

LAUGHLIN, J.:

At the same time the defendant's notice of motion to vacate the judgment and for leave to file a third supplementary answer and for other relief (See 187 App. Div. 158) was returnable it brought on a motion, on an order to show cause, for an order limiting the security which it would be required to give to stay execution on the judgment heretofore entered herein pending its appeal therefrom. The court having determined, in effect, to vacate the judgment in so far as the issues in the action were adjudicated thereby, and to refer all the issues, but to permit the judgment to stand as security, made an order to the effect that the determination of the motion to limit the security for the purpose of obtaining such a stay is reserved with leave to the defendant to make such further application in respect thereto as it may be advised. The court in granting the other motion made by the defendant interposed as a condition the giving of an undertaking in the sum of $50,000 in addition to allowing the judgment to stand as security. Doubtless the court so reserved decision on the motion upon the theory that a further application by the defendant might become necessary in the event that the plaintiffs should issue execution on the judgment. On the motion to resettle the order the plaintiffs proposed an order to the effect that the security required by the *other* order should be the only security required to stay execution on the judgment and on the appeal

therefrom to this court; and that upon the giving of the undertaking required by the order made on the other motion execution on the judgment be stayed pending the appeal, but giving the plaintiffs leave to move to increase the amount of the undertaking if a change of circumstances should entitle them to have the amount of the security increased.    In view of the decision the court made on the other motion, the judgment is no longer a judgment for any purpose other than as security for the payment of any amount that may be recovered by the plaintiffs on the retrial of the issues.    It necessarily follows that the appeal therefrom cannot be prosecuted. and that said appeal falls and that no step may be taken by the plaintiffs to enforce the judgment pending the retrial of the issues. ' (*Mott* v. *Union Bank of City of New York,* 38 N. Y. 18; *Holmes, Booth & Hayden* v. *Rodgers,* 50 Hun, 600; *Rodbourn* v. *Utica, Ithaca & Elmira R. Co.,* 28 id. 369; *Ford* v. *Whitridge,* 9 Abb. Pr. 416; *MacDougall* v. *Hoes,* 27 Misc. Rep. 590.)    In these circumstances the court should have denied the motion, but inasmuch as the plaintiffs are not aggrieved by the order made they were not entitled to have it resettled.    The motion for resettlement was not made on any new facts, or to correct any erroneous recital therein, and was to settle the order in precisely the form as proposed by the plaintiffs on the original hearing, and, therefore, the order denying the motion to resettle was not appealable.    (*Waltham Mfg. Co.* v. *Brady,* 67 App. Div. 102; *Pinchot* v. *N. Y. Elevated R. R. Co.,* 49 id. 356; *Wollowitz* v. *N. Y. City R. Co.,* 116 id. 361.)

It follows that the appeal should be dismissed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING, SMITH and SHEARN, JJ., concurred.

Appeal dismissed, with ten dollars costs and disbursements.