MOLLIE STAMILE D'ELISA, Plaintiff, *v.* MARY LOUISA RITTONDO et al., Defendants.

(Supreme Court, Nassau Special Term, December, 1919.)

**Husband and wife — tenants by entirety — quality of ownership not changed by will — mortgages — foreclosure — appeal.**

A husband and his wife, the owners of certain premises as tenants by the entirety, made a testamentary paper which they duly executed as a will. He died without making any other will, and after the death of the wife, by separate decrees, the said paper writing was admitted to probate as the last will of each of them. *Held,* that there being no direct evidence *aliunde* the will of any contract to make mutual wills, and the paper not containing intrinsic evidence to support such a conclusion, the quality of their ownership in the property as tenants by the entirety was not changed so as to defeat the absolute ownership of the wife, as survivor, and one of her children to whom

she gave a mortgage upon the property as a wedding present was entitled to judgment as prayed for in the complaint in an action to foreclose the mortgage, but the other children of the mortgagor may redeem from the sale in foreclosure upon paying four-fifths of the principal of the mortgage into court, with interest from the death of their mother.

Where the order of the Appellate Division which reversed an order denying a motion to set aside the judgment of foreclosure and the sale thereunder directed that the judgment " stand until the final determination of the issues raised by the answer of the appellant " the order of reversal which provided for the service of an answer and the trial of the issues arising thereon must be construed as an order opening the appellant's default.

ACTION to foreclose a mortgage.

Davison & Underhill (Arthur P. Hilton, of counsel), for plaintiff.

Frederick L. Gilbert, for defendant Santoro.

Henry L. Maxson, guardian ad litem, for infant defendants.

BENEDICT, J. In this action for foreclosure of a mortgage a decree was had by the plaintiff in November, 1915, under which the mortgaged property was sold to the plaintiff in January, 1916. In August, 1918, an order to show cause was obtained by the defendant Maria Gata Santoro, one of the children of Natale and Carlotta Stamile, hereinafter mentioned, why the judgment should not be set aside as well as the sale which had taken place under it. The motion was denied by the court, Mr. Justice Cropsey presiding, but upon appeal by the said defendant the order was reversed in May, 1919, and the defendant was permitted to interpose an answer to the complaint, and the issues thereby raised were directed to be tried at Special Term, the judgment to stand and the plaintiff and her husband

meanwhile being enjoined from disposing of the real property in question. Upon the trial the following facts, among others, appeared: Upon October 25, 1905, a deed was made by Charlotte A. Hagner and another to Natale Stamile and Charlotte Stamile, his wife, of certain real property of which the lands in question were a part. As this deed did not otherwise provide or qualify, the grantees by it became seized in fee of the property as tenants by the entirety. They were not joint tenants, for they were but one person in the law and could not take by moieties. Both were seized of the entirety and the survivor would take the whole. *Stelz* v. *Shreck,* 128 N. Y. 263. During their joint lives the husband and wife sold some portions of the lands conveyed to them and improved other portions. On July 7, 1907, they executed a paper of testamentary character and, by reason thereof, the defendant Santoro asserts in this action that the title of her parents as tenants by the entirety was converted into an estate in the survivor of them for life, with remainder over at the death of the survivor to the surviving children of the joint tenants. This paper, which was duly executed as a will, read as follows, viz.:

" Be it remembered that we Natale Stamile and Carlotta Stamile his wife of Inwood in the Town of Hempstead, County of Nassau and State of New York, being of sound and disposing mind, memory and understanding, and considering the uncertainty of life, do therefore make, publish and declare this to be our last will and testament, in manner and form following, to wit: —

" I, Natale Stamile in the event of my death I give and devise all real estate that I may possess and give and bequeath all personal property that I may possess at the time of my death to my lawful wife Carlotta Stamile. The personal property she may dispose as

she sees fit but the real estate she will enjoy during her natural life and after her death it is to be equally divided amongst our surviving children.

"And I Carlotta Stamile in the event of my death and my lawful husband Natale Stamile survives me I give and devise all interest that I may have in any real estate at the time of my death to my said husband and give and bequeath any and all personal property that I may possess at the time of my death to said Natale Stamile my husband.

" He is to dispose of the personal property as he sees fit, but the real estate he can only enjoy during his natural life and after his death it is to be *equaly diveded* amongst our surviving children.

" We declare this to be our last Will and Testament.

" In witness whereof," etc.

Natale Stamile died on April 22, 1910, without making any other will, and the paper in question was offered for probate by Carlotta Stamile.

On September 23, 1910, Carlotta Stamile gave to her daughter Mollie, the plaintiff herein, a mortgage for $5,000, which is the mortgage foreclosed in this action. This mortgage was given without any consideration other than love and affection, and as a wedding present, unless it was given in pursuance of a marriage settlement between the parents of the contracting parties.

Carlotta Stamile died on November 17, 1912, leaving five children her surviving, and thereafter a further petition for the probate of the paper writing above referred to was made and two decrees of the Surrogate's Court of Nassau county were entered on August 27, 1918, one admitting the paper as the last will of Natale Stamile, the other admitting it to probate as the last will of Carlotta Stamile.

The question which is presented here is whether the

mortgage for $5,000, thus executed by Carlotta Stamile, after the death of her husband, was a valid lien against the real property in question as far as it operated against the interest in such property of the four other children of Natale and Carlotta Stamile. The plaintiff contends that it was valid because given by the survivor of the tenants by the entirety of the property in question. The defendants contend otherwise upon the theory that the only title which Carlotta had after the death of her husband was that of tenant for life under the joint will and with remainder to the surviving children of the two testators. The Appellate Division, in its memorandum of reversal, said: " The wife received no interest in the property under foreclosure through the will of her husband. The death of the husband extinguished his interest and left her the sole owner through her tenancy by the entirety. Whether the two wills made by the husband and wife upon the same piece of paper were made pursuant to a contract to make reciprocal or mutual wills is a question of fact. (*Edson* v. *Parsons,* 155 N. Y. 555; *Rastetter* v. *Hoenninger,* 214 id. 71; *Hermann* v. *Ludwig,* 186 App. Div. 287.) If there was such a contract and the wife received property from the husband under it, she was bound to carry it out. This contract did not deprive her of the power and right to dispose of her property in any way except by testamentary disposition, or by gift in the nature or in lieu of a testamentary disposition or with intent to defeat the purpose of such agreement. (*Rastetter* v. *Hoenninger, supra.*) Whether the mortgage was such a gift is a question of fact." 188 App. Div. 925.

Both of these questions must be answered in the negative. As to the first question, there was no direct evidence *aliunde* the will of any contract between the two testators to make mutual wills; and I am constrained to hold that the document itself does not

contain intrinsic evidence sufficient to support the conclusion that it was made as the result of a contract between the two testators to make mutual wills which would be irrevocable and would operate upon the title to the property so as to turn the absolute estate of the survivor into an estate for his or her life with remainder at the survivor's death to their surviving children. The language employed in the will here plainly distinguishes it from the wills under consideration in the *Rastetter* and *Hermann* cases, and it certainly falls far short of the requirements which Judge Gray, in the *Edson* case, stated to be necessary to establish an agreement for mutual wills.

Hence, I have, without any difficulty, reached the conclusion that there was no agreement between these testators to change the quality of their ownership in the property in question so as to defeat the absolute ownership of the survivor by force of the original tenancy by the entirety therein. Therefore, when Natale Stamile died, Carlotta gained no estate in the property which she did not already possess, but his interest in it was extinguished. Being thereafter the sole owner of the property in fee simple absolute, Carlotta gave to her daughter, the plaintiff herein, the mortgage for $5,000 as a wedding present. This I find was done as a free gift and not with intent to frustrate or defeat any agreement on Carlotta's part as to the ultimate disposition of the real property. The mortgage was, hence, valid and the foreclosure action and sale under it vested the title to the mortgaged property in the plaintiff.

The plaintiff is, therefore, entitled to judgment in this action as prayed for in the complaint, but the defendants may redeem from the sale, if so advised, within ten days from service of notice of entry of judgment herein upon paying four-fifths of the princi-

pal of said mortgage into court with interest thereon for the period from the date of the death of Carlotta Stamile until the date of such payment. Out of such deposit, the mortgage held by the defendant Johnston shall first be paid, unless a satisfaction piece thereof be submitted and filed by the plaintiff, and the balance of such deposit, or the whole thereof, if such satisfaction be submitted, shall be paid to the plaintiff upon her giving a satisfaction of the said mortgage for $5,000 and a deed from her husband to her and her sisters as tenants in common of the real property described in the mortgage.

I have considered, but have not found important, the point raised by the defendants that the plaintiff was not of age when this action was originally begun. Under the authorities cited, this is at most an irregularity, which the lapse of time has cured. *Treadwell* v. *Bruder,* 3 E. D. Smith, 596; *Rutter* v. *Puckhofer,* 9 Bosw. 638.

A question as to the form of the judgment to be entered hereon is presented by the provision of the order of the Appellate Division directing that the judgment of foreclosure and sale of November 2, 1915, " stand until the final determination of the issues raised by the answer of the appellant." That direction I deem to be in effect equivalent to the direction sometimes given in opening a default in an action for the recovery of money only that the judgment shall stand as security. In such cases it has been held that the judgment remains only as security, taking the place of any other security which might have been required, and that it is superseded by the judgment entered after the trial of the issues. In *Pomeroy* v. *Hocking Valley R. Co.,* 187 App. Div. 158, 163, the court, by Mr. Justice Laughlin, said that " in such cases it is well settled that the judgment thus permitted to stand

is neither appealable nor enforcible as such, but is in effect a substitute for other security, and is superseded by the final judgment in the action." In *MacDougall* v. *Hoes,* 27 Misc. Rep. 590, Mr. Justice McAdam said: " The order permitting the defendant to come in and defend, though it permitted the judgment to stand as security, deprived it of all validity for any other purpose. It was left standing as a mere security for whatever amount the plaintiff might subsequently establish by further proceedings in that action. No execution could be issued on it after the making of that order, and none can be issued now."

And the same justice, in *Negley* v. *Counting Room Co.,* 2 How. Pr. (N. S.) 237, 238, had this to say on the same subject: " If the plaintiff fails in his action the security is returned by canceling the collateral judgment, which loses its vitality and effect when the action fails. But if the plaintiff finally succeeds in the action the orderly practice is to issue an execution upon the final judgment, which is the real judgment in the case, and if that proves unproductive then to pursue whatever lien the collateral judgment gives; or if a levy has already been made on the collateral judgment, or a proceeding has been founded thereon. and either has been preserved by the order opening the default, it will not be impaired, but may be enforced if the plaintiff finally recovers in the action. But the court, in controlling the execution of its own process, may no doubt, on application, direct the manner of its enforcement so that the rights of all parties may be preserved and enforced without injury or oppression to either. It is clear, therefore, that the security judgment is to remain of record unimpaired until the judgment entered upon the verdict has been paid, reversed, or in some legal form removed from the judgment docket."

The order of the Appellate Division must be con-

strued as one actually opening the default, for it provides for the service of an answer and the trial of the issues arising thereon. See *Pomeroy* v. *Hocking Valley R. Co., supra,* 162. Therefore, the authorities above quoted apply.

It is evident, therefore, that a new judgment of foreclosure must be entered, and I think there should be a resale, so that the defendants, some of whom are infants, may have the benefit of any advance in the value of the property. It would be highly inequitable, in my opinion, after the Appellate Division has allowed the other children to defend the action, to allow the plaintiff, who gave no monetary consideration, to absorb so considerable a share of the patrimony of these children — as would be the case if the former sale be allowed to stand without giving them an opportunity to protect their interests.

Plaintiff will present a decision and a judgment of foreclosure and sale in conformity herewith, and cause the same to be settled on notice.

Judgment accordingly.