■ ALBERT RICCI et al., Respondents, v. FRANK EASLEY, Appellant.— Orders, entered on March 4, 1969 and on or about March 26, 1969, denying defendant's motion to vacate an inquest and set this matter down for a trial on a day certain, reversed, on the law, the facts and in the exercise of discretion, without costs and without disbursements, and inquest vacated, on condition that defendant pay to plaintiffs costs in the sum of $250, within 10 days after service of a copy of the order entered herein, with notice of entry thereof. In view of all the circumstances disclosed by the record, and, in particular, the affidavit of actual engagement submitted by defendant's attorney to the trial court, said attorney's conduct "was not of such inexcusable nature as to warrant" direction of an inquest. (*Town & Country House & Home Serv.* v. *Newbery*, 15 A D 2d 573.) Concur — Stevens, P. J., Capozzoli, McGivern and Nunez, JJ.; Steuer, J., dissents in the following memorandum: I dissent and would affirm. And this conclusion is reached despite the fact that what

is revealed in the record indicates little merit in the plaintiffs' case and less in the way of inducing a sympathetic approach. This case was assigned out for trial on January 9, 1969. In the trial part possible settlement was discussed and defendant's counsel stated that he would submit a proposed figure to his company. The court set January 23 for trial in the event the case was not settled before then. On January 23 defendant's counsel was engaged in another court and presented an affidavit of engagement. (There is some dispute as to whether the affidavit does state an actual engagement, but I am convinced that it does.) The court refused to recognize the engagement as an excuse and allowed a short but reasonable period for the procurement of other trial counsel. Defendant's counsel did not take advantage of this and preferred to rest on his claimed right to an adjournment. An inquest was taken, and the court's refusal to open the default is the subject of this appeal. According to the practice in the First Department — which practice is the dictate of necessity — adjournments can be granted in the calendar part only. The Judge in the trial part cannot recognize a conflicting engagement, as the application for it must be made prior to the case being sent out. It is not necessary to review the well understood reasons for this. Suffice it to say that unless the rule is categorically obeyed a difficult situation in regard to dispositions will be rendered chaotic. Likewise, a Trial Judge has no power to grant adjournments. Here, while the start of trial was deferred there was no adjournment. It is not a play on words to distinguish between a day set for trial in the future and adjournment. The latter allows counsel to take the same stand and make the same applications as to readiness as when the case is on the calendar waiting to be reached. Fixing a day certain in a part does not. It is not good practice for a Judge in a Trial Part to set a date for trial weeks or even days in the future, as this tends to lead to complications as it did here. But it does, at times, become necessary. In crash, or so-called blockbuster, parts, the convenience of counsel can often be served in no other way. And in some rare situations in other Trial Parts the same is true. The record is not clear as to why the date set for trial was so long extended, but that it was a trial date is not disputed. However, in these situations the obligation of counsel as far as another engagement is concerned is to provide against it and be prepared to proceed on the date set, either in person or by a substitute. It would be a happier situation if everybody could be accommodated at his convenience and parties could get their day in court tomorrow if not today. But experience shows, and ample statistics corroborate, that unless there are rules and the rules adhered to, only a small fraction of the cases brought will get to be heard within any reasonable time. Under these circumstances those who do not adhere to the rules cannot be heard to complain. Nor is the complaint here one that should merit consideration. It is not to erode the rights of carriers as litigants to point out that their counsel are very generally engaged and are among the best informed as to trial practice. Also, they have large and flexible staffs. Why, with the notice of this trial and the simplicity of the case itself, some competent trial lawyer was not available, does not appear. Lastly, a bathetic approach to situations of this kind does immeasurable harm to the spirit of the Trial Judge who follows the rules, and has an adverse effect on the conduct of the entire trial bench .