■ HARRY T. WHITLEY, Respondent, v BLACK WATCH FARMS et al., Appellants, et al., Defendants.—Judgment entered on December 31, 1974, in the Supreme Court, New York County, reversed, in the exercise of discretion, conditioned upon the payment of a full bill of costs in all courts, including $60 costs and disbursements of this appeal, said bill to be paid personally by the attorney for appellants within 20 days after service of a copy of the order to be settled herein with notice of entry. If such sum is not timely paid, the judgment is affirmed, with $60 costs and disbursements of this appeal to respondent. (Quinn v Cohn, 37 AD2d 927; Keenan v Waring, 12 AD2d 601.) However, in the event the conditions herein imposed are met, the judgment shall stand as security pending the ultimate resolution of the case. (See Pomeroy v Hocking Val. Ry. Co., 187 App Div 158). This action for breach of contract and for a finder's fee was commenced August 23, 1968. Over the years there have been two inquests and numerous adjournments, not all of which can be attributed to the firm presently representing the defendants. Understandably, the Justice at Trial Term, who had this case before him since at least April, 1973, felt this matter should be terminated. We reverse only because, as the Justice himself noted, there are factual issues which we feel should be resolved at a trial; it is a general policy of the courts to favor determination of actions on the merits (Benadon v Antonio, 10 AD2d 40, 42); and because it appears from the affidavit submitted to the court that counsel handling this matter was actually engaged in a case in the Federal District Court in Pennsylvania (See Ricci v Easley, 33 AD2d 553). Defendants are afforded this final opportunity to have their day in court by proceeding expeditiously to trial and, on argument, informed this court of their willingness to do so. We are not disposed to look with favor on further delays in a matter so long at issue. Concur—Stevens, P. J., Markewich, Lupiano and Lane, JJ.; Murphy, J., dissents in the following memorandum: After numerous adjournments and one previously held inquest was set aside, a firm date was fixed for trial. On such date plaintiff was prepared to proceed. But defendants' counsel requested another adjournment because of the alleged actual engagement of the attorney "familiar with this matter" in certain "hearings in an action * * * presently pending in [a Pennsylvania Federal District Court]." This request was

denied after the court recited the lengthy history of delay in this case. After opening statements were made by both counsel, and after plaintiff had put on his principal witness, defendants' counsel again asked for an adjournment. When this application met the same fate as his prior one he walked out of the courtroom, although his appearance at the trial was noted in the judgment thereafter entered. The experienced Trial Justice then proceeded with the trial, carefully cross-examining the witnesses. His decision, in plaintiff's favor, was for an amount approximately $200,000 less than plaintiff had requested in his complaint. Under the circumstances of this case, particularly defendants' delaying tactics, plaintiff's diligent assertion of his rights and the apparent prejudice to plaintiff by any further restraint on his enforcement remedies, the judgment appealed from should be affirmed. Settle order on notice.