■ ALI KHADEM, Appellant, v PAN AMERICAN WORLD AIRWAYS, INC., Respondent.—Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered November 7, 1988, which denied plaintiff's motion to restore the case to the

calendar and granted defendant's cross motion to dismiss the complaint, reversed on the law, the facts and in the exercise of discretion, without costs and without disbursements, the plaintiff's motion to restore the case to the calendar granted, and the defendant's cross motion for leave to serve an answer to the complaint is also granted.

The plaintiff, an Iranian attorney, was retained by the defendant Pan American World Airways in 1979 to collect moneys due to the defendant from an Iranian travel agency. Plaintiff pursued the matter through 1982. There was a dispute between the plaintiff and defendant concerning the plaintiff's legal fees. In February 1983, the plaintiff, who had become a New York resident, sued for his fees. The defendant moved to dismiss the complaint on the ground of forum non conveniens, or, in the alternative, for a bond for security for costs. The defendant's motion was denied and a copy of the court's decision was sent by a member of the law firm representing the plaintiff to the defendant. The defendant never served an answer.

Five years later, the plaintiff, who, in the interim, had become a member of the New York State Bar, moved to restore the matter to the calendar and for a default judgment pursuant to CPLR 3215. The defendant cross-moved to dismiss the complaint as abandoned, pursuant to CPLR 3215 (c), a judgment not having been entered within a year of the default, or, alternatively, for leave to serve an answer to the complaint.

In view of the political situation involving the United States and Iran and the migration of the plaintiff to New York, it would seem that the court could exercise its discretion in the interest of justice and allow the matter to proceed. *(See,* CPLR 2005, 3012 [d].)

The merit in the cause of action is indicated in a translation of the Iranian statute relating to legal fees, which appears in the record. *(See, Sortino v Fisher,* 20 AD2d 25, 32.)

Allowing the plaintiff to proceed with the action and excusing the defendant's default by allowing an answer to be served puts the parties back on an even keel for a determination on the merits. *(See, Whitley v Black Watch Farms,* 50 AD2d 549.) Concur—Kupferman, J. P., Ross and Ellerin, JJ.

Milonas and Smith, JJ., dissent in a memorandum by Smith, J., as follows: I would affirm the order of the motion court which denied plaintiff's motion to restore the case to the calendar and granted the defendant's cross motion to dismiss the complaint.

This is an action for attorney's fees. The complaint is dated February 3, 1983. The complaint alleges the following: that the plaintiff was a practicing attorney in Iran who is currently (as of 1983) living in France; that in or about June 1979 the defendant retained the plaintiff, who was then practicing in Iran, to institute an action against Travel Plan Company which allegedly owed money to the defendant for airplane tickets; that plaintiff pursued the matter in Iran by filing civil and criminal complaints; and that pursuant to the applicable laws of Iran, plaintiff is entitled to legal fees based upon a percentage of the amount sued for.

As stated, the complaint was dated February 3, 1983. Defendant did not answer but moved, pursuant to CPLR 327, to dismiss the complaint for forum non conveniens, or, alternatively, pursuant to CPLR 8501 for the posting of security. The motion was denied on June 3, 1983.

Despite defendant's failure to answer, plaintiff took no action until August 1988 when plaintiff moved, pursuant to CPLR 2005, to restore the case to the calendar and, pursuant to CPLR 3215, for a default judgment against the defendant. Defendant cross-moved, pursuant to CPLR 3215 (c), to dismiss the complaint as abandoned. The motion court denied the plaintiff's motion and granted the defendant's cross motion.

CPLR 2005 authorizes a court to exercise "its discretion in the interests of justice to excuse delay or default resulting from law office failure."

CPLR 3215 (a) authorizes the entry of a default judgment when a defendant has failed to answer. CPLR 3215 (c), however, states that where a plaintiff does not enter judgment within a year after a default, "the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed."

The only excuse offered for the delay on plaintiff's part is "administrative error and inadvertence", as stated in the affidavit of an attorney in the office representing plaintiff. This excuse is insufficient to explain the five-year inaction of the plaintiff. (See, Watt v New York City Tr. Auth., 97 AD2d 466 [2d Dept 1983].) This is particularly true here where the plaintiff himself is an attorney admitted to the New York Bar and is now residing in New York.